ALBANY,
Oct. 1827.

Brant
v.
Fowler.

---

BRANT, *ex dem.* BUCKBEE and Wife, *against* FOWLER.

ON the trial of this cause, after the judge had concluded his charge, several of the jurors requesting permission to go out, the judge told them they could go accompanied by an officer. One of them, misunderstanding the charge of the judge, while out separated himself from the officer, and drank about 1-3d of a gill of brandy. The verdict was for the defendant.

On motion now in behalf of the plaintiff, to set aside the verdict for the irregularity, the affidavit of the juror was produced showing his mistake; and that he drank this small quantity of brandy to check a diarrhœa, which he had incurred by drinking new cider. The affidavit of another juror was also produced, showing that the juror who had drank, joined them for deliberation, in due season; conducted himself with great propriety; was chosen foreman, and delivered the verdict.

*Where a juror engaged in the course of a cause, and after it was committed to the jury, drank brandy, though in a trifling quantity, and, as he stated, to check a diarrhœa; yet held, that the verdict should be set aside.*

*H. Bleecker*, for the motion, cited *People* v. *Douglass*, (4 Cowen, 26.)

*W. Nelson*, contra, cited 1 Cowen, 221; 2 id. 259; 3 id. 355.

*Curia.* We cannot allow jurors, thus of their own head, to drink spirituous liquor while engaged in the course of a cause. We are satisfied that there has been no mischief;

*but the rule is absolute, and does not meddle with conse-quences. Nor should exceptions be multiplied. We have set aside verdicts on error for this cause, even where the parties consented that the jury should drink. *The People* v. *Douglass*, though a criminal cause, is in point for the principle of this motion, which must be granted, the costs to abide the event of the suit.[1]

Motion granted.

---

The district attorney ought not to attend the grand jury, except to advise them on request.

The district attorney of the city and county of Albany, having claimed the right to be present with the grand jury, and to conduct the examination of witnesses; and the court of sessions being divided in opinion on the subject, it was submitted to this court.

*Curia.* The district attorney ought not to attend the grand jury for the purpose of examining witnesses, nor for any other purpose, except to advise them upon any question which they may put to him in relation to their duty.

[1] Where a jury, empannelled to try a prisoner upon an indictment for murder, were allowed to leave the court house during the trial, under the charge of two sworn constables, and two of them separated from their fellows, went to their lodgings, a distance of thirty rods, ate cake, took some with them on their return, and drank spirituous liquor, though not enough to affect them, and one of them conversed on the subject of the trial; *held,* that the drinking of spirituous liquor, and the conversing on the case, were sufficient reasons for a new trial. (*People* v. *Douglass,* 4 Cowen, 26.) But, in *U. S.* v. *Gilbert, et al.,* (2 Sumner. Rep. 21,) judge Story held, in a capital case, that it was not sufficient for the purpose, to show that some of the jurors drank ardent spirits during the trial, when the prisoner's counsel consented in open court, to this indulgence, to those whose health might require it, unless it was also shown that the indulgence was abused, and operated injuriously to the prisoner. And see *Stone* v. *State,* (4 Humph. Rep 27.)

See further on this subject, Waterman's Archbold's Pr. & Pl. tit. *New*