McQuillen v. State, 8 Smedes and Marshall, 587.

### Assault with Intent to Commit Robbery.

It is the duty of the circuit court to charge the grand jury when empanelled, in regard to the nature of the duty which they are required to perform, and the motives which should govern them in the discharge of that duty.   But the charge is not to be placed upon the record; nor can it be essentially necessary that the record should state that it was given at all, as the matter charged does not constitute ground of error.   The charge must be presumed to have been given unless the contrary ap-pears.

In criminal as well as civil cases, the rule is that the party who complains of the judgment must make the error apparent; and if it is some part of the proceedings not appearing on the face of the record, it must be placed there by the bill of exceptions.

In criminal cases, the prisoner must plead in person; any plea by attorney is a nullity.

It is incompetent for the clerk at a subsequent term, to make any entry of what transpired at a previous term.

When a juror is elected, he must remain under the charge of the court or an officer before, as well as after he is sworn, and it is error to permit the jury to disperse without the consent of the prisoner. And it is immaterial whether improper influences have been exerted or not.

A prisoner has the right to question by plea in abatement, the competency of the grand jury by whom he was indicted; he cannot be called to answer a charge unless it has been preferred according to law.

Pleas in abatement must be made at the proper time; by denying the charge the accused waives matter in abatement.

Error to Washington circuit court.   Coalter, J.

The record in this case discloses the following facts, to wit:

On the 13th day of September, 1845, the clerk of the circuit court, and the sheriff of Washington county, drew from the box containing the names of persons liable to sit on juries, the names of thirty-six persons to attend and serve as jurors at the October term, 1845, of the circuit court of Washington county; that a writ of *venire facias* was issued, and the same was returned executed. At the October term the sheriff and clerk drew from the persons summoned, who were present at the court, a sufficient number to serve as a grand jury. And the court having appointed Aaron Wickliffe, foreman, the whole number were sworn and empanelled according to law, and proceeded to the discharge of their duties; and on the second day of the term returned into court and presented an indictment against John P. McQuillen for an assault with intent to rob, and an assault with intent to kill. The indictment contained four counts; 1st. For an assault with a stick upon Michael Carroll with intent to steal; 2d. An assault with a knife upon Michael Carroll with intent to steal; 3d. An assault upon Michael Carroll, with a knife, with intent to rob; 4th. An assault with a knife upon Michael Carroll with intent to kill.

On the third day of the term the following entry was made, to wit: "The defendant, by S. C. Cox, saith he is not guilty in

manner and form as in the indictment against him is alleged, and of this he puts himself upon the country, and the attorney for the commonwealth likewise, and the trial of the issue is deferred until next court."

At the March term, 1846, the following entry was made, on the third day of the term, to wit: "This day came by Fulton E. Anderson, district attorney, and the defendant in his own proper person, and the said defendant having been arraigned at a former term of the court pleaded not guilty, and put himself upon the country, and the district attorney likewise, and therefore the following persons were selected from the regular panel, to wit: James Reidheimer, and Turner Joyner, and the regular panel being exhausted, the sheriff was directed to summon from the by-standers a sufficient number of the good and lawful men of the county of Washington, to complete said jury," etc. A sufficient number was not found among the by-standers, the sheriff was directed by the court to summon a sufficient number from the county, of good and lawful men to complete the jury on the next day at ten o'clock. "And thereupon the persons selected as jurors were charged according to law, and required to be in attendance next morning at ten o'clock."

On the fourth day of the term, came the plaintiff by the district attorney, and the defendant in his own proper person, when five other jurors were tendered by the district attorney on behalf of the state, and accepted by the defendant in his own proper person; and the whole number of jurors in this case were sworn, and empanelled according to law. Before the jury were sworn, the defendant at the March term, 1846, moved the court to quash the indictment, for the following, reasons, to wit:

1st. Because the writ of *venire facias* returnable to the October term, 1845, of the Washington circuit court was defective in this, that the jurors drawn to serve at the said term, were not drawn in the presence of the probate judge of Washington county.

2d. Because said jurors were drawn by the sheriff and clerk of Washington county, without the presence of the said judge of probate, to wit: on the 13th day of September, 1845.

3d. Because the said jurors were not drawn by the said clerk

and sheriff in the term time of the circuit court, of the county of Washington, as required by law.

4th. Because the said grand jurors were not, nor was any or either of them, at the said October term, 1845, of said court, sworn to inquire in and for the body of the said county of Washington, as required by law.

5th. Because the writ of *venire facias* aforesaid, returnable to the October term, 1845, of the said circuit court, was defective in this, that it did not command the sheriff of said county to summon householders or freeholders, as required by law, who are competent to serve as grand jurors.

6th. Because neither the record nor any paper filed in said circuit court shows, that the names of the persons mentioned in the said *venire facias* were drawn from box No. 1, as the law directs.

The motion was overruled and the prisoner excepted.

The defendant then, before the jury were sworn, moved the court for leave to file three pleas in abatement, which are in substances as follows, to wit: That the grand jurors, by whom the indictment was found, were not, nor was either of them sworn to inquire in and for the body of the county of Washington, as required by law; that the grand jury were composed of persons drawn by the clerk and sheriff, without the presence of the probate judge of said county; and that the foreman of the grand jury which preferred the indictment, was not sworn as such, either before or at the time of returning the indictment into court. The court also overruled this motion, and the prisoner excepted. The jury were then sworn, the cause tried, and the defendant found guilty as charged on the first and third counts, as charged in the indictment; and not guilty as to the second and fourth. The defendant was sentenced to five years' imprisonment in the penitentiary. To reverse which judgment he prosecutes this writ of error, and assigns the following errors, to wit:

1. The record does not show that the grand jury who found the indictment, were charged by the court.

2. The record does not show that the defendant, the plaintiff in error, ever pleaded to the indictment, or that any issue was made up for the jury to try.

3. It appears from the record that seven of the jurors, by whom the plaintiff in error was tried, were not sworn until the day after their selection, and in the meantime were allowed to disperse.

4. It does not appear from the record, that the jury were sworn to try any issue between the state and the defendant, or what they were sworn to do.

5. The court erred in refusing to permit the accused to file the pleas in abatement to the indictment by him tendered.

6. The first instruction to the court is erroneous.

7. The court erred in refusing to give the instructions asked by the accused, and in giving one in lieu thereof, uncertain and vague in its terms, and calculated to mislead the jury.

8. The court erred in refusing to reduce to writing the instructions given to the jury.

9. There are other errors manifest in said record, all which the plaintiff in error is ready to verify.

*John I. Guion* and *E. G. Walker*, for plaintiff in error.

1. The record should show that the grand jury were charged by the court before they retired to consider of presentments or indictments. 1 Chitty Cr. Law, 313.

2. There is no plea to the indictment. The plea by an attorney is a nullity. A defendant charged with a felony, must plead in proper person upon his arraignment. Chitty Cr. Law, 416, 436, 472; Stephen's Cr. Law, 290; Barb. Cr. Treat., 300, 304; Archb. Cr. Prac., 93.

3. There was no arraignment of the prisoner. Arraignment is necessary, and it is error not to state it in the record. Chitty Cr. Law, 415–419; Stephen's Cr. Law, 279; 4 Com. Dig., 701.

Seven persons elected as jurors were not sworn until the day after their selection, but were permitted by the court to disperse until the next day. They should have been sworn and empanelled as they were elected. Chitty Cr. Law, 552.

5. The record does not show what persons were sworn on the jury, or what they were sworn to do. They should have been sworn "well and truly to try the issue joined, and a true deliverance make between the state and the prisoner at the bar." Chitty Cr. Law, 552.

6. No plea of not guilty having been entered, the prisoner had a right to plead abateable matter. The pleas contain abateable matter of defense. Chitty's Cr. Law, 422, 435, 437; 5 Porter, 130, 474; 7 Yerger, 271; 4 Dev. 305; 7 Leigh, 747; Meig's R. 192.

7. The court below should either have given or refused the instructions. Acts 1846, 125.

*John D. Freeman*, attorney general.

1. It is admitted that the grand jury should be charged, but the charge is no part of the record, and is no part of the proceedings in this case to which the prisoner could except.

2. It is true that the record shows that the defendant plead by attorney, but it is also stated that the defendant appeared in his own proper person, and (having been arraigned at a former term), pleaded not guilty, and put himself upon the country, and a jury was elected, etc. This is sufficient. See 1 How. R., 167.

3. An arraignment is merely placing the prisoner at the bar to answer the charge preferred in the indictment. 1 Chitty, 419; Com. Dig., indictment M. It is sufficient if the prisoner pleaded "not guilty," first by his counsel, and secondly *ore tenus*, in his own proper person. 1 How. 167.

4. This court must presume that the jury were selected according to law, unless the contrary appears in the record. 1 How., 498; 2 ib., 655; 4 S. & M., 579.

5. A plea in abatement is properly rejected, when offered after the jury has been empanelled and sworn to try the issue joined on the plea of not guilty. 3 How., 27; 1 Chitty, 309; Bacon Abr. Jury, A; 9 Mass. 107, 116; 1 Blackf., 318, 390; 2 Brown. 323; 2 Pick., 563; 1 Burr's Trial, 38–41; 2 S. & M., 497; 5 ib., 681. Challenge to the array is denied, but individual jurors may be removed by challenge. H. & H., 498.

The law of 1846 does not apply to criminal cases, the same being a statute to regulate the practice in civil cases only; hence the meaning of the terms used in the statute must be construed with reference to the subject matter of legislation. Dwarris on Statutes, 2 S. & M., 17.

SHARKEY, C. J.:

The plaintiff in error was indicted for an assault committed

with intent to rob, and found guilty on the first and third counts, and not guilty on the second and fourth. The case is brought up on a writ of error, and a number of errors are now assigned for reversing the judgment. We shall proceed to consider of the sufficiency of such as seem to require to be noticed.

1st. It is said that the record does not show that the grand jury were charged. It is the duty of the circuit courts to charge the grand jury, when empanelled, in regard to the nature of the duty which they are required to perform, and the motives which should govern them in the discharge of that duty; but the charge so given is not to be placed upon the record, nor can it be essentially necessary that it should appear by the record that it was given, as the matter charged does not constitute a ground of error. But as it constitutes part of the duty of the court to give it, we must presume that it was given, unless the contrary is shown. In criminal, as well as in civil cases, the rule prevails that the party who complains of the judgment must make the error apparent,[1] and if it is committed in reference to a matter which does not constitute a part of the record, it must be placed there by bill of exceptions.[2]

2nd. The second error assigned is, that it does not appear that the accused ever pleaded to the indictment. The law undoubtedly is, that the defendant must plead in person.[3] In this instance, there was a plea by attorney, but that was a nullity. But there may be some doubt whether he did not plead at the subsequent term when he was tried. The record contains an entry in these words: " This day came the plaintiff, by Fulton E. Anderson, Esq., district attorney, and the defendant in his own proper person, and the said defendant having been arraigned at the last term of this court, pleaded not guilty, and put himself upon the country and the district attorney, likewise. It would seem quite probable that this entry has reference to the plea entered at the former term. The true sense is rather obscure for want of punctuation. But it does appear from this

1 Greenl. Ev., 74 *et seq.* and notes; Bishop Cr. Procedure, 496, 502, 503; Archbold Cr. Pr. & Pl., 385–6.

2 Ingram v. State, 7 Mo., 293; Wash. v. State, 14 S. & M., 120.

3 Wharton Am. Cr. Law, 531; 1 Archb. Cr. Pl., 355; Bishop Cr. Procedure, 683; Sperry's case, 9 Leigh, 623.

entry, that the defendant had been arraigned at the previous term. By looking at the record of the previous term, no arraignment is mentioned. It was incompetent for the clerk, at a subsequent term, to make any entry of what had transpired at the preceding term. The consequence is, that it does not legally appear that the accused ever was arraigned, which was 'error. 2 Hale's Pleas of the Crown, 217. The regular time for pleading is, when the prisoner is arraigned;[1] it is the more probable, therefore, that the plea by attorney, which was doubtless put in at that time, is the plea referred to in the entry, quoted as having been pleaded at a former term.       •

3d. It is thirdly assigned, that seven of the jurors were tendered to the prisoner and elected, and permitted to disperse until next day, without having been sworn, and that they were not sworn until next day, when the panel was completed. The record shows this to have been the fact, and it was a palpable error. When a juror is elected, he must remain under the care of the court or an officer, before as well as after he is sworn,† and it is error to permit the jury to disperse without the consent of the prisoner.[2] By permitting them to go at large, they were liable to be tampered with, and to imbibe prejudices against the accused. It is immaterial whether improper influences have been exerted or not;[3] the only safety is in keeping the jury free from a liability to such influences. These persons, although not sworn, had been selected by the prisoner, they were known as part of the jury, and, by mixing with the crowd, which is usually in attendance on a court, they were exposed to the dan-

[1] Wharton Am. Cr. Law. 530.

[2] 1 Bishop Cr. Proceedure, 823; Wharton Am. Cr. Law, 3112; *et seq. ;* Wiley v. State, 1 Swan, 256; Sam v. State, ib., 61.

● Wharton Am. Cr. Law, 3112, *et seq. ;* 1 Bishop Cr. Proceedure, 823; 1 Archbold Cr. Pr. & Pl., 638; People v. Douglas, 4 Cowen, 26; State v. Prescott, 7 N. H. 287; State v. Sherbourne, Dudley, 28; McLain v. State, 10 Yerg., 241; Hines v. State, 8 Humph., 597; Boles v. State, 13 S. & M., 398; Sam v. State, 1 Swan, 61; McCann v. State, 9 S. & M., 465; Woods v. State, 43 Miss., 364; 4 Black. Com. (by Sharswood), 359; Commonwealth v. Roby, 12 Pick., 496; Hare v. State, 4 How., 187; Commonwealth v. McCall, 1 Va. Cases; McLean v. State, 10 Yerger, 24; Perkins v. Knight, 2 N. H., 474; Eastwood v. People, 3 Park., 25; McCann v. State, 9 S. & M. 465; Lewis v. State, 9 S. & M., 115; People v. Hartung, 4 Park., 265; Nelms v. State, 13 S. & M., 500; 4 How., 187; 10 Yerg., 141; Westley v. State, 11 Humph., 502; Wiley v. State, 1 Swan, 256; 7 Cow., 562; 12 Pick., 496; 1 Va. Cases, 271; 13 Mass., 220; 36 Miss., 121; Organ v. State, 26 Miss. 83; Caleb v. State, 39 Miss., 721.

ger of receiving a bias against the prisoner, if any one happened
to desire to bring about his conviction by unfair means.   Or, if
prejudices existed against him in the community, as is sometimes
the case, there was danger that their might be communicated to
the minds of these jurors, without they being aware of the mo-
tive or the effect.   Perhaps the prisoner had a right to object
to them the next day before they were sworn; if so, they should
have been retendered to him.   But even if he had such rights,
it did not cure the error in permitting them to disperse.

It is also assigned as error that the court refused to allow the
accused to file three pleas in abatement, the first of which avers
that the grand jurors were not sworn according to law; the sec-
ond, that they were not drawn according to law; and the third,
that the foreman was not sworn as such.   It is said these pleas
were tendered before the prisoner pleaded not guilty.   We have
already seen that it is doubtful whether the accused ever did
plead in person to the indictment.   If he did not, these pleas
were offered in time; but if he had previously pleaded not
guilty, of course he could not afterwards plead in abatement.[1]
We are uninformed as to the precise ground on which these pleas
were rejected.   Before us the question has been argued, as
though the pleas were rejected, because no exception can be
taken to the competency of the grand jury by plea in abate-
ment.   The law requires, that grand jurors shall possess certain
qualifications.   From the list returned by the assessor, the jurors'
names are to be placed in a box and drawn in a particular man-
ner, either before the circuit court, or before the probate court,
and a *venire* is to issue containing the names so drawn.   From
the number of jurors summoned as directed, the grand jurors
are to be drawn by lot, who, when so drawn, shall constitute the
grand jury.   In view of these several provisions, it is believed
that a grand jury composed of members who do not possess the
requisite qualifications, or who have not been drawn, summoned,
and empanelled in accordance with the law, have no power to

---

[1] Bishop Cr. Law, 843; 1 Cr. Proceedure, 429, *et seq.*;  State v. Butler, 17 Vermont,
145; Smith v. State, 19 Conn., 493; State v. Rickey, 5 Halst., 53; Archbold Cr. Pr.
& Pl., 359; Palmer v. Green, 1 Johns. Chcy., 101; Palmer v. Everston, 2 Cow., 417;
Commonwealth v. Dedham, 16 Mass., 141; Commonwealth v. Lewis, 1 Metc., 151;
Turno v. Commonwealth, 6 Metcalf, 224.

find a valid indictment.[1]   These restrictions and requisites have
been imposed for wise purposes.   They are guards thrown round
the liberty of the citizen.   They constitute an important part
of the right of trial by jury.   A grand jury does not, by our
law, consist of thirteen or more men, congregated by the mere
order of court, or by accident, in a jury box; but it consists of
the requisite number of competent individuals, selected, sum-
moned, and sworn, according to the forms of law, and if the
law be not followed, it is an incompetent grand jury.   If this be
so, it results as a necessary consequence, that any one indicted
by such a jury, may question their power.   He cannot be called
·to answer a charge against him, unless it has been preferred ac-
cording to the forms of law.   The question is, how is this to be
done?   A prisoner who is in court, and against whom an indict-
ment is about to be preferred, may undoubtedly challenge for
cause; this is not questioned.   But the grand jury may find an
indictment against a person who is not in court.   How is he to
avail himself of a defective organization of the grand jury?   If
he cannot do it by plea, he cannot do it in any way; and the
law works unequally by allowing one class of persons to object
to the competency of the grand jury, whilst another class has
no such privilege.   This cannot be.   The law furnishes the same
security to all, and the same principle which gives to a prisoner
in court the right to challenge, gives to one who is not in court
the right to accomplish the same end by plea, and the current of
authorities sustains such a plea.   True, some may be found the
other way, but it is believed that a large majority of the de-
cisions are in favor of the plea.   To the list of authorities cited
by counsel, may be added the name of Sir Matthew Hale, which
would seem to be sufficient to put the question at rest.   2 Hale's

[1] Wharton's Am. Cr. Law, 472;  Wharton's Precedents, 1158;  Jackson v. State,
11 Tex., 261;  Vanhook v. State, 12 Tex., 469;  State v. Symmonds, 36 Me., 128;
Rawle v. State, 8 S. & M., 599;  Barney v. State, 12 S. & M., 68;  State v. Brooks, 9
Ala., 10;  State v. Bryant, 10 Yerg., 271;  State v. Duncan & Troll, 7 Yerg., 527;
State v. Martin, 2 Iredell, 101;  State v. Duncan, 6 Iredell, 98;  2 Hale, 155;  3 Inst.,
34;  4 Dev., 305;  State v. Carver, 49 Me., 588;  State v. Freeman, 6 Blackf., 248;
Vattier v. State, 4 Blackf., 72;  State v. Herndon, 5 Blackf., 75;  State v. Lamon, 3
Hawks., 175;  State v. Martin, 2 Iredell, 101;  People v. Griffin, 2 Barb., S. C., 427;
1 Chitty Cr. Law, 309;  Bacon Abr. Juries, A.;  2 Hawks P. C. Ch., 25, §§ 18, 26, 29,
30;  Cro. Car., 134, 147;  1 Archbold Cr. Pr. & Pl., 535, notes;  1 Bishop Cr. Proc.,
748–9.

Pleas of the Crown, 155.  *Vide* also Sir William Withpole's Case, Cro. Car., 134–147.  A different doctrine seems to have been holden in the case of The Commonwealth v. Smith, 9 Mass. R. 107, but that case was very much doubted afterwards, in the case of The Commonwealth v. Parker, 2 Pick. R., 550.  In the latter case the court suggested the difficulty that might arise in the application of such a rule to a prisoner who was not present. In such cases, it was intimated, that the rule would not be followed.  The conclusion is, that these pleas were improperly rejected; that is, assuming that they were tendered before the prisoner had pleaded not guilty.  Pleas in abatement in criminal as well as in civil cases, must be pleaded at the proper time. By denying the charge, the accused waives matter in abatement.[1] We do not, of course, decide on the technical sufficiency of these pleas.  That is a question which could only be raised by demurrer, after they were received.  It is true that a plea, which is a mere nullity; may be rejected, but these are not so obviously defective and inappropriate as to require them to be so treated.

It is not deemed necessary that we should notice particularly the instructions given or refused, as the other points dispose of the case, and the same difficulties may not again rise.

Judgment reversed, and cause remanded for a new trial.