WILLIAM MONTGOMERY, SR., *vs.* OLWELL BROS. & others.

April Term, 1873.

CROSS-BILL, WHEN IMPROPER.—A cross-bill which seeks no discovery, and makes no defense not equally available by way of answer to the original bill, will be dismissed on motion.

SAME, AFTER HEARING.—*A fortiori*, such a bill cannot be filed after the hearing of the original bill, without leave of the court.

BILL OF REVIEW, PERSON NOT AGGRIEVED.—No person can claim a reversal of a decree by bill of review unless he is aggrieved by it.

ORIGINAL BILL TO SET UP DEFENSE NOT MADE IN PREVIOUS SUIT.—An original bill will not lie to set up a defense which might have been made available by answer in a previous suit.

*Wm. G. Brien*, for complainant.

*John Ruhm*, for defendants.

THE CHANCELLOR :—Motion to dismiss a bill because filed without leave of the court, because unknown to the forms of the court, and for want of equity on its face.

The bill alleges that on the 27th of August, 1872, said Olwell Bros. filed their original attachment bill in this court

against Wm. G. Wedemeyer, trustee, Merritt Barber, Robert Montgomery and complainant, charging that complainant was indebted to them by judgment recovered before a justice of the peace, on which execution had been issued and returned *nulla bona*, and seeking to subject to the satisfaction of the judgment the complainant's equitable interest in a certain tract of land conveyed by him on the 8th of September, 1871, to Wedemeyer to secure a debt of $1,054 due to Barber; that on the 13th of September, 1872, the said trustee and Barber filed their joint answer and cross-bill, admitting the facts as charged, making the parties to the original bill defendants to the cross-bill, and asking for a decree for the amount secured by the deed of trust against complainant, and that his interest in the land be sold in satisfaction thereof. That on the 2d of November, 1872, a decree was rendered in the cause, reciting that it was heard upon the bill of complaint, answer and cross-bill, answer of Robert Montgomery, who was a minor, by guardian *ad litem*, and decree *pro confesso* taken against complainant, and the court ordered a reference to the clerk and master to take an account of complainant's indebtedness to Olwell Bros. and Barber, etc., and to report at that term. That the clerk and master accordingly reported the indebtedness of complainant as required, and the interest of complainant and Robert Montgomery in the land, complainant's interest being reported as five-sixths in fee and one-sixth as tenant by the curtesy. That this report was confirmed, and complainant allowed until January, 1873, to pay said debts due from him, failing which the commissioner was ordered to sell the complainant's interest in the land on a credit of six, twelve and eighteen months, except $250 to be paid in cash, free from the equity of redemption. That the clerk and master did, on the 8th of February, 1873, sell the land, under this decree, to the defendants, Olwell Bros., as will appear from the report of the clerk and master.

The bill then proceeds thus:—"Complainant further shows that the following errors appear on the face of the record:

1. That no *pro confesso* decree was ever taken against complainant, and that he never appeared, plead, answered, or demurred to said bill and cross-bill.

2. That he was never tenant by the curtesy of the said Agnes, deceased, his late wife; that the deed to her referred to and relied on by the original and cross-bills conveys the property solely to her, and expressly excludes him from any interest or title, legal or equitable, in said land.

Complainant further charges that he is entitled to a homestead out of said land as he is the head of a family, occupying and being in possession of the land with his minor children Robert and Fannie Montgomery.

Complainant has a good and valid defense against said note, and if permitted can make good that defense in this court."

He asks, therefore, "that he be permitted to file this cross-bill in the nature of a bill of review; that on the hearing the errors apparent upon the face of the record in this cause be reviewed and corrected," the decrees vacated and the cause remanded to the Rules, etc.

If the complainant is to be held to his own designation of his bill, it is very clear that the motion now made must be sustained. The books of chancery pleading are ignorant of a "cross-bill in the nature of a bill of review," and the complainant's bill, in that view, would fall under the ban of being unknown to the forms of the court.

In this state, however, it has not been usual to hold learned counsel to the strict consequence of their own nomenclature. The courts look to substance not form, and, if the bill can be sustained upon its merits, will overlook a mere misnomer.

If this bill can be sustained at all, it must be either as a cross-bill, or a bill of review, or an original bill.

A cross-bill is, in its very nature, a mode of defense. It is usually filed either to obtain discovery of facts in aid of the defense to the original bill, to obtain full relief touching the matters of the original bill, or to set up some matter

which has arisen after the cause was at issue. Story Eq. Pl., §§ 387, 393. A cross-bill which seeks no discovery, and makes no defense which was not equally available by way of answer to the original bill, will be dismissed. *Weed* v. *Small*, 3 Sand. Ch. Rep. 273.

Now this bill, so far as it is a cross-bill, sets up no defense which was not equally available by answer to the original bill. It contains no new matter of defense which has arisen since the cause was at issue, nor does it in fact, set up any defense at all. The allegation that the defendant has a good and valid defense, without setting it out so that the court can judge of its merits, is *vox et preterea nihil*. It cannot be noticed at all.

Moreover, it has been decided that generally, unless directed by the court, a cross-bill cannot be filed after the hearing of the original bill. *Roberts* v. *Pearcy*, 9 Foster, N. H. 372. This decision is manifestly correct, whenever the cross-bill undertakes to make no defense which was not equally available by way of answer to the original bill. For, as the defense ought to be made promptly, it will not do for the defendant to lie by and neglect his defense at the proper time, and afterwards set it up by cross-bill to the great delay of justice. In such cases, the necessity of obtaining the permission of the court is obvious. See *Brown* v. *Bell*, 4 Hay. 287.

There being no defense in this case on the merits, and the application for setting apart a homestead having been equally available, if available at all, as a defense before the hearing, I am clearly of opinion that this bill cannot be sustained as a cross-bill.

Is it available as a bill of review? The two errors apparent assigned, are that there is no *pro confesso* order, and that complainant was not tenant by the curtesy of any part of the land.

The first of these grounds is conceded by the learned counsel to be incorrect as a matter of fact, and where the record is referred to and made a part of the bill the court

might correct the statements of the bill by the record itself. 7 C. 563. Besides, the bill does distinctly allege that the decree upon the merits recites that there was a *pro confesso* against the complainant. This recital is conclusive upon the court upon a bill of review, although it would be otherwise upon a writ of error. It is well settled in this state that by error apparent on the face of the decree is not meant a decree merely erroneous and improper in itself, because based upon inadmissible or improper evidence, or contrary to or unsupported by proof; but a decree that, in point of law, is erroneous upon the state of facts as assumed and set forth in the body of the decree itself. The question is not whether the cause is well decided, but whether the decree is right or wrong on the face of it. *Eaton* v. *Dickinson*, 3 Sneed, 397.

Tested by this rule, there is no error apparent on the face of the decree sought to be reviewed by this bill. On the contrary, the decree is undoubtedly correct upon the recitals on its face, for it recites a *pro confesso*, and that the complainant was interested as tenant by the curtesy in one-sixth of the land.

Moreover, upon the second·point relied on, namely, that complainant was not tenant by the curtesy, however his wife's heirs or the rights of the purchaser might be effected by the fact, it is clear that it is no matter of which the complainant can complain. No party can claim a reversal upon a bill of review, unless he is aggrieved by it whatever may have been his rights to an appeal or writ of error. *Winchester* v. *Winchester*, 1 Head, 460.

The only remaining ground upon which the bill can be sustained, is as an original bill. An original bill will not, of course, lie to set up a defense which might have been made available by answer to the original bill, for the party has once had his day in court and it was his own fault that he did not defend. An original bill does not lie because a decree has been taken without a *pro confesso*, where the defendant has been served with process. This would be a

mere error which would not avoid the proceedings, and the remedy for which is by appeal or writ of error. *La Grange R. R. Co.* v. *Rainey*, 7 Cold. 420 ; *Proudfit* v. *Picket*, Id. 563. Nor will an original bill lie because the complainant is not interested in the property sold as his. In this, there is no grievance to him of which he can complain.

The only feature of the bill which presents the semblance of equity, is the application for a homestead. But the statutes point out the mode in which the right may be asserted and secured. It is a legal right, which can be exercised in a summary way without the costs and expense of a bill. My present impression is that a party cannot come into equity, without having taken the necessary steps to have his rights recognized as prescribed by the statute, and then only to aid in removing an obstacle, or upon some equitable ground. But it is not necessary to decide this point positively in this case, and I shall reserve it for further consideration when it fairly comes up for decision.

This part of the present bill is only thrown in as a marginal note, and shows no reason for coming into this court. I do not consider myself called upon to decide so important a question upon a bill thus framed. Under the circumstances, I will dismiss this part of the bill also, but without prejudice to the complainant's rights under the homestead law if he have any.

The bill must be dismissed upon all the grounds taken in the motion