### BAKER *v.* THE STATE., 23 Miss. Rep., 243.

#### UNLAWFULLY KEEPING A TAVERN.

Except in capital cases, the court has no authority to entertain a challenge to the array of the *venire facias;* or award a special *venire,* only when there is none of the regular *venire* in attendance on the court; and an indictment found by a grand jury selected from the special *venire* is void.

Error to Yalobusha circuit court. ROGERS, J.

The facts of the case as presented by the record are, that at the March term of the circuit court of Yalobusha county, Miss., 1850, a presentment was found by the grand jury of said county against James Baker, for unlawfully keeping a tavern without license for that purpose. At the October term, 1850, of said circuit court, the defendant Baker appeared and answered the charge, and filed the following plea in abatement, because Clary, one of the grand jurors, had not been regularly drawn.

"State of Mississippi, Yalobusha county, Circuit Court, October term, 1850.

"And the said James Baker comes and defends the wrong and injury, when, etc., and says that he ought not to answer the bill of indictment against him found by the grand jury at the last April term of this honorable court, for the reasons hereafter mentioned, to wit: That Nathan Clary, one of the grand jurors, by whom said indictment was found and returned into said circuit court, at the said April term thereof, was not, at the time he so acted, and at the time said indictment was found and returned, duly and legally qualified to act as such grand juror; in this, he, the said grand juror, had not then and there been drawn by the clerk and sheriff of the county of Yalobusha aforesaid, either at a regular term of said circuit court, next preceding the said April term of said circuit court, there in open court, or by the said clerk and sheriff, and in the presence of the judge of the probate court of the county of Yalobusha aforesaid, sixty days next before the said April term of the said circuit court of the county of Yalobusha aforesaid, as a juror liable to serve for the first week of the aforesaid circuit court at the said April term thereof, then and there, from a list of the names of the freeholders, being citizens of the United States, and householders of the county of Yalobusha aforesaid, returned either in term time of said circuit court, or to the clerk thereof, in vacation, at his office, by the assessor of taxes of the county of Yalobusha aforesaid; nor was he, the above-named grand juror, then and there summoned as a person liable to serve as juror, for the first week of said April term of said circuit court of Yalobusha county aforesaid, then and there, by virtue of a special writ of *venire facias*, then and there awarded by the said circuit court, at the said April term thereof, directing the said sheriff of said county of Yalobusha to summon persons there liable to serve as jurors, at the said April term of said circuit court, for the first week thereof. Nor were all, or the above named one there summoned as such juror, for the first week of said April term of said court, then and there, by virtue of an order of said court; nor had all and every one of the jurors of the regular panel of the jurors summoned and in attendance at the said term of said court, for

the first week thereof, nor had the regular panel of the jurors summoned and in attendance upon said court, at the said term thereof, as liable to serve as jurors, for the first week, been gone through with, then and there to constitute a grand jury, to serve at the said term of said court, by lot, when the name of the said grand juror above named was drawn by lot, to serve as grand juror for the said term of said circuit court; nor was the above named grand juror summoned by the sheriff of said county, from the by-standers then and there liable to serve, as a juror, for the first week of the said term of the said court, and this he is ready to verify; wherefore he prays judgment of said indictment, and that the same may be quashed."

The plea was sworn to and issue taken on it. The court overruled the plea, and the defendant (Baker) was convicted; from which decision of the court the defendant prayed a writ of error.

*S. P. Caldwell* for plaintiff in error.

*D. C. Glenn*, attorney general.

SMITH, C. J.:

In this case a *venire* had been drawn, returnable to the term of the circuit court at which the indictment was formed, by the clerk and sheriff, in the presence of the probate judge. A sufficient number of this *venire* were proved to be in attendance on the court to constitute a grand jury. For some reason, not distinctly set out in the record, the court set aside the whole panel, and ordered a special *venire*, returnable forthwith. From the jurors summoned under the special *venire*, the grand jury which preferred the indictment was selected.

A plea in abatement, setting up an illegal organization of this grand jury, raises the only question in the case.

If the court was correct in rejecting the *venire facias*, which issued on the 14th March, 1850, the special *venire*, from which the grand jury were drawn who found the indictment, was legally ordered. Consequently, no valid objection could be raised to the organization of the grand jury.

By the statute of February 27, 1836 (Hutch. Code, Dig. 888, art. 10, § 2), it is made the duty of the circuit judges, "If, at any regular or special term of the circuit courts there shall not

be in attendance any of the regular jurors summoned to such term, forthwith to award a special *venire facias*," and from the jurors summoned, by virtue of such writ of *venire facias*, " to organize a grand jury and petit jury."

The authority to award a special *venire*, except in a peculiar class of cases, in which parties are capitally charged, is confined to cases in which there are none of the regular *venire* in attendance upon the court. It seems clearly not to have been the intention of the legislature to vest in the circuit court, under this provision of the statute, the authority to decide upon the legality or the illegality of any act connected with the drawing of the names of the persons who are to constitute the *venire ;* the issuance of the writ, by virtue of which they are to be summoned, or the mode in which they may be summoned. By the first section of the statute above quoted, the authority of the circuit court, as it then existed, to entertain challenges to the array, and motions to quash the *venire facias*, is expressly repealed.

In the case under examination, the *venire facias*, as it is alleged, illegally issued, in consequence of the irregular mode by which, and the improper time at which, the drawing took place. Let that be granted. What then? The circuit court could not entertain a challenge to the array, or quash the *venire facias*, for any cause whatever. And we apprehend that the *venire facias* could not have been properly treated as a nullity by the court.

The record shows, that persons summoned by virtue of the first *venire facias*, were in attendance on the court. The single condition, therefore, on which the court could rightfully have awarded a special *venire*, did not exist. It was a void act. Hence, the grand jury who preferred the indictment were illegally constituted. The plea, therefore, presented a valid defense to the indictment, and should have been sustained.

Judgment reversed, and indictment quashed.