PERKINS *v.* STATE.*

(In Banc. Nov. 7, 1927.)

[114 So. 392. No. 26679.]

1. COURTS. *Term of court, convened in pursuance of order for special term for transaction of all business properly coming before circuit court, was "special term" (Hemingway's Code 1927, section 744).*

   Term of court convened in pursuance of order stating that special term be convened to meet for transaction of all such business as might properly come before circuit court, was "special term," authority for calling of which is found in Hemingway's Code 1927, section 744 (Code 1906, section 988).

2. COURTS. *If order calling term was intended to be based on statutes relating to transaction of criminal business, it was nevertheless "special term" (Laws 1926, chapter 130).*

   If order calling term of circuit court, stating that special term be convened to meet for transaction of all such business as might properly come before circuit court, was intended to be based on Laws 1926, chapter 130, providing for convening of session of circuit court for transaction of certain classes of criminal business, term of court convened in pursuance of order was none the less "special term" of court.

3. INDICTMENT AND INFORMATION. *Indictment returned at special term by grand jury impaneled and sworn at regular term held void (Constitution 1890, section 264).*

   Under Constitution 1890, section 264, requiring that grand jury be drawn at each term of court, where grand jury returning indictment for murder at special term was not drawn and impaneled at

special term, but had been impaneled and sworn at regular term, and reassembled in pursuance of summons by sheriff in accordance with court's order to clerk, indictment was void.

*Corpus Juris-Cyc. References: Courts, 15CJ, p. 889, n. 40; p. 891, n. 64; p. 893, n. 97; Grand Juries, 28CJ, p. 796, n. 74; Indictments and Informations, 31CJ, p. 579, n. 21, 28.

APPEAL from circuit court of Covington county.

HON. W. L. CRANFORD, Judge.

Europe Perkins was convicted of murder, and he appeals. Reversed, and appellant held to await action of grand jury.

*W. U. Corley,* for appellant..

The appellant in this cause was put to trial on a charge of murder on Tuesday, the second day of the term, and on Thursday of the same week sentenced to die, all the time with records of the clerk showing that this was a "special term." After this appellant had been tried, three orders were entered by the court, overruling all motions referred to, and setting out that it was a "reconvened term" and the records all changed by the judge on Saturday morning, without the knowledge of appellant or his attorney, and the records now show that they were changed in the handwriting of the judge, undertaking to call this a *reconvened* term, after trying the party at a *special* term of the court.

The so-called grand jury was summonsed to answer to a special term as shown by the agreement in this record. Section 708, Hemingway's Code, provides the only way for calling a special term. This was no special term of court, because it was not legally called, or notice given therefor, as required by statute; the clerk gave no two weeks' notice, or any other notice contemplated by statute; no grand juries were empaneled or summonsed as required by statute; and no petit juries could be summonsed, sworn in or empaneled under the conditions then existing.

148 Miss.—39.

It cannot be called a *reconvened* term for no such term was ever contemplated by our constitution, and cannot be legally and constitutionally done. It will be noted from this record that the minutes of the January term of court, at which this so-called grand jury was selected, adjourned with the regular adjourning order. It cannot be impeached by litigants or any judgment of the court could not be impeached; and if not, then the court adjourned and when it adjourned, it was ended.

Now if the January term was perpetual, then the July term following is also perpetual; and the next January term will also be perpetual, and as a result we will have three courts in session, at the end of the first year's business.

We submit that if this is called a special term, with the grand jury resummonsed, the one under section 708, Hemingway's Code, and the grand jury under chapter 130, Acts of 1926, the court was still without a grand jury, for the moment he convened his special term, under section 2, chapter 130, the grand jury ceased to exist. Again, the required notice of a special term was not given and the petit juries drawn were void, because the court had the names put in the box, so it could call this term, and they were not put in the box until March, while the law required them to be placed there in January by the board of supervisors and this they did not do.

Again, if it was what the court was pleased to change it to on the last day, *that of a reconvened term*, then he was without a petit jury to try the case, for the act makes no provision for one.

The indictment is void on the face of it, as being found at a term of court unknown to our law.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

The questions here raised require the construction and application of provisions of section 744, Hemingway's

Code of 1927 and chapter 130, Laws of 1926. Section 744, Hemingway's Code, has been the law since 1914 and has not been amended nor repealed by said chapter 130, Laws of 1926. Both of said acts are now in full force and effect.

A very material question in this case is whether or not this term of the court was called and held under the provisions of said section 744 or said chapter 130. If in fact it was convened and held under said section 744, I am of the opinion that under the provisions of section 264 of the Constitution and the opinion of this court in *Walton* v. *State,* 112 So. 790, that the alleged grand jury was not a legal grand jury and was not qualified and authorized under the law to act as grand jurors at the time appellant was indicted for the crime of murder.

In fact, if the term of court held in May was a special term of court, by the provisions of section 2 of said chapter 130, the grand jury impaneled at the January term of circuit court of Covington county ceased to exist at the time the special term was convened. It was contended by the state in the court below, and will be here, that the circuit court was reconvened under the provisions of chapter 130, Laws of 1926.

It appears from the record in this case that the judge in calling the court referred to it as a "special term," and that in writing the minutes it was referred to as a "special term." That before the court adjourned the judge of the court changed the minutes of the court so as to read, "reconvened term," instead of "special term." Counsel for appellant lay great stress on these facts. I do not think it material as to whether the term was called by the court, as "special term" or a "reconvened term." I think the facts in the case must control and not the name applied by the judge and the clerk.

The facts in this show a substantial compliance with the provisions of said chapter 130, and the court held in May was a reconvened session of the regular January, 1926 term of the circuit court of said county.

The facts in the case at bar and in *Walton* v. *State,*
112 So. 790, are different in the following particulars:
In the Walton case a regular term of court had inter-
vened between the time the grand jury was impaneled
and the time it was reconvened. In the case at bar, this
is not true. The opinion of the court in the Walton case
is not applicable to the case at bar.

It appears that the provisions of chapter 130, Laws of
1926, make the length of the term six months instead of
twelve. Counsel for appellant contends that this is an
amendment of said section 469 and that by reason of
this amendment and by reason of the fact that the stat-
ute as amended is not inserted in full is a violation of
this section. I submit this question to the court with the
following citations of authorities: *State* v. *Cresswell,*
117 Miss. 795; *Stingily* v. *Jackson,* 104 So. 465; *Moore* v.
*Tunica County,* 107 So. 659; *Bryan* v. *Greenwood,* 112
Miss. 718, 73 So. 728; *Hart* v. *Backstrom,* 113 So. 898.

*W. U. Corley,* in reply, for appellant.

State's counsel admit that if the proceedings had and
done here come under section 744 of the Code, that the
indictment is void. This being true, we pass this propo-
sition with a reiteration of the statement that the trial
judge called a special term; that the alleged grand jury
was summoned to appear before a special term; that
the juries were summonsed for a special term; the court
organized as a special term; and appellant tried as a
special term, over the daily signature of the trial judge;
and it was never attempted to be changed to a so-called
reconvened term until adjoining day. It was too late
then to change the court to something else, for this party
had already been tried and convicted at a special term;
so that, insofar as this appellant is concerned, it was a
special term under every idea that may be advanced.

COOK, J., delivered the opinion of the court.

At a term of the circuit court of Covington county which was held in May, 1927, the appellant, Europe Perkins, was indicted, tried, and convicted of murder, and was sentenced to be hanged, and from this conviction and sentence he prosecuted this appeal.

The statute (Hemingway's Code 1927, section 469) provides that a regular term of the circuit court of Covington county shall be convened and held on the first Monday of January and July of each year. The regular January, 1927, term of the circuit court was convened and held according to law, and, at the conclusion of this term, an order was entered on the minutes of the court finally adjourning the term until court in course. On the 6th day of April, 1927, the circuit judge of the district in which Covington county is located issued and delivered to the circuit clerk of the county the following order:

"Special Term of Circuit Court.

"It is hereby ordered that a special term of the circuit court of Covington county, Miss., be convened to meet on Monday, the 2d day of May, 1927, at nine o'clock a. m., at the courthouse at Collins, Miss., for the transaction of all such business as may properly come before the circuit court.

"It is further ordered that the grand jury impaneled at the regular January, 1927, term of the circuit court of said county and state be summoned to reconvene Monday, the 2d day of May, 1927, at nine o'clock a. m., at the county courthouse in Collins, Miss., for the transaction of all such business as may properly come before the grand jury.

"Given under my hand and official signature this the 6th day of April, 1927.

"W. L. CRANFORD, Circuit Judge."

This order was published in the Collins Commercial, a newspaper published weekly in Collins, Covington county, Miss., in the issues dated April 8th, 15th, 22d,

and 29th. Under date of April 14, 1927, the circuit judge wrote to the circuit clerk of said county the following letter:

"April 14, 1927.

"Hon. W. W. Bynum, Circuit Clerk, Collins, Miss.— Dear Sir: At the time prescribed by law, you, with the other county officers necessary, will please draw petit juries for one week special May, 1927, term of circuit court Covington county, Miss.

"As it will not be necessary to draw a grand jury for this special term, it will only be necessary to draw two petit juries or thirty names to serve one week.

"Yours truly,

"W. L. CRANFORD, Circuit Judge."

Neither the circuit judge nor the circuit clerk gave the sheriff of the county any notice of the order calling a term of the court, but the sheriff saw the order published in the newspaper, and he received from the circuit clerk an order to summon the grand jurors who had been impaneled and who served at the regular January, 1927, term to appear on the first Monday in May, 1927, "then and there to serve as grand jurors for the first week of the special term of circuit court of said county," which order or summons he duly executed.

When the court convened on the first Monday of May, 1927, no grand jury was impaneled or sworn, but the grand jury that had been impaneled and sworn at the regular January term reassembled in pursuance of the summons above quoted, and the court entered upon the minutes of the court the following convening order:

"State of Mississippi, Covington County.

"Be it remembered that a special term of the circuit court of Covington county, state of Mississippi, was begun and held according to law at the courthouse in the town of Collins, said county and state, on the first Monday in May, A. D. 1927, being the second day of said month, the time announced by the judge in the call for the said special term, and the place fixed by law for hold-

ing said court, with the following named officers present, to-wit,'' etc.

This convening order remained in this form until after the indictment, trial, conviction, and sentence of the appellant, and until the last day of the term when the circuit judge struck therefrom the words ''special term,'' and substituted therefor the word ''reconvening,'' thereby causing the order to read:

''Be it remembered that a reconvening of the circuit court of Covington county, state of Mississippi, was begun and held according to law,'' etc.

When this term of court had been convened, counsel for the appellant filed a motion to quash the grand jury, and this motion was overruled. After the grand jury had returned the indictment against appellant charging him with murder, counsel filed a motion to quash the indictment, on the ground, among others, that no legal grand jury had been drawn, impaneled, and sworn, and this motion was likewise overruled.

On this appeal there are many assignments of error, but it will be necessary to consider only those which challenge the legality and authority of the grand jury which returned the indictment against the appellant.

When the judge adjourned the regular January, 1927, term of the Covington county court, it was adjourned until court in course. The order convening the term of court at which appellant was indicted and convicted was designated a special term of court for the transaction of all such business as may properly come before the circuit court. The order was dated more than twenty days prior to the time named for the convening of the term, and more than two weeks' notice of the time of holding the court was given by publication in a newspaper, and we are of the opinion that the term of court convened in pursuance of this order was a special term, the authority for the calling of which is found in section 988, Code of 1906 (section 744, Hemingway's 1927 Code), which provides, in part, as follows:

"When the business of a circuit or chancery court may require, the judge or chancellor, in term-time or in vacation, may order a special term to be held, and the order shall be entered on the minutes, or, if made in vacation, on the minutes of the special term. A special term shall not be held in a shorter time than twenty days from the date of the order; and the clerk of the court shall give two weeks' notice of the time of holding the same in some newspaper published in the county."

If, however, the order calling the term was intended to be based upon chapter 130, Laws of 1926, which provides for the convening of a session of the circuit court for the transaction of certain classes of criminal business, it was none the less a special term of the court. Section 264 of the Constitution of 1890 requires that a grand jury be drawn at each term of court, and this includes both special and regular terms, and, since the grand jury which found and returned the indictment against the appellant was not drawn and impaneled at this special term, the indictment was void. The judgment of the court below will therefore be reversed, and the indictment quashed, but the appellant will be held to await the action of the grand jury.

Reversed, and appellant held to await the action of the grand jury.

*Reversed.*