statute was to abolish the common-law rule that all persons jointly liable on a contract, express or implied, had to be sued jointly for a breach of such contract. There was just as much reason for abolishing the common-law rule as to implied contracts as to express contracts, and certainly implied contracts, which are sometimes denominated in the law books as *quasi*-contracts, are within the language of the statute. We think it clear that they are as much within the intendment of the statute as within its language.

It follows from these views that, whether the ground of appellant's action be one of tort or of implied contract, appellant had the right, at its election, under the statute, to sue one or all of those jointly liable.

*Reversed and remanded.*

PACK, J., took no part in this decision.

---

TUESNO *v.* STATE.*

(Division A.    Jan. 30, 1928.)

[115 So. 437.    No. 26995.]

INDICTMENT AND INFORMATION. *Indictment returned at special term by grand jury impaneled at last regular term should have been quashed.*

Where indictment was returned during a special term by grand jury impaneled for the last regular term and reassembled pursuant to requirement of order for special term, indictment should have been quashed.

---

*Corpus Juris-Cyc. References: Indictments and Informations, 31CJ, p. 579, n. 28.

APPEAL from circuit court of Wilkinson county.

HON. R. L. CORBAN, Judge.

Sullivan Tuesno was convicted of murder, and he appeals. Reversed and remanded.

The indictment herein was returned at a special term of the circuit court convened pursuant to an order of the circuit judge entered in vacation, directing the clerk to issue summons to the grand jury that was impaneled at the last regular term as provided by Laws 1926, chapter 130, and further directing the sheriff to notify such members to appear and assemble on date specified.

*Engle & Laub* and *Tucker & Tucker,* for appellant.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

SMITH, C. J.  The indictment should have been quashed. *Perkins* v. *State* (Miss.), 114 So. 392.

*Reversed and remanded.*

---

REED, TAX COLLECTOR, v. NORMAN-BREAUX LUMBER Co.*

(Division B.  Feb. 6, 1928.  Suggestion of Error Overruled March 19, 1928.)

[115 So. 724.  No. 26732.]

1. APPEAL AND ERROR.  *Questions settled on former appeal will be adhered to on second appeal.*

   The question settled on a former appeal will be adhered to on the second appeal.

2. TAXATION.  *Where county assessor assesses property escaping taxation in former years, and board approves assessment, and there is no appeal, injunction does not lie against collecting tax (Hemingway's Code, section 6911).*

   Under section 4277, Code 1906 (section 6911, Hemingway's Code 1917), the county assessor has authority to back assess property which has escaped taxation in former years; and, where he complies with the provisions of said section, and the board approves his assessment so made, and there is no appeal from the order of the board approving same, injunction will not lie against the collection of such tax.