# WILLIAMS v. STATE.

(Division A. Feb. 10, 1930.)

[126 So. 40. No. 28537.]

T. H. McElroy, of Oxford, for appellant.

348

**W. A. Shipman**, Assistant Attorney-General, for the state.

Argued orally by **T. H. McElroy**, for appellant, and by **W. A. Shipman**, Assistant Attorney-General, for the state.

**McGowen, J.**, delivered the opinion of the court.

In the circuit court of Lafayette county, Lula Williams was indicted for and convicted of murder, and sentenced to serve a life term in the state penitentiary, from which sentence and judgment she appeals.

As this case is disposed of on the motion to quash the indictment, it will be unnecessary to detail the facts. thereof.

The motion to quash the indictment is based on the fact that the circuit judge undertook to hold a special term of court for criminal business at a time when the statute provides for a civil term of court devoted exclusively to civil business, and at which no grand jury was to be impaneled.

The proceeding under discussion here is as follows: On August 20, 1928, the presiding judge of the Third circuit court district, in which Lafayette county is situated, issued an order calling a special term of the circuit court for Lafayette county to convene, at Oxford, on the second Monday in November, namely, the 12th day of November, 1928, and ordered that a grand jury be impaneled at said time and place as in a regular criminal and civil term. Thereafter the presiding judge certified to the Governor his inability to hold the term of court, and on the 7th day of November, 1928, the Governor issued a commission to Hon. B. N. Knox as special judge to preside at said term. On the same day, the 12th day of November, 1928, the commission and oath of office taken by the special judge were filed in the office of the clerk of the court, and an order entered on the minutes of the court reciting that the law provided for a civil term to be held at this time and place in said court, thus making a conflict between the statute and the order of the regular circuit judge calling a special term of court,

and ordering that the civil term be pretermitted and that a special term of court be convened, organized, and .held. Afterwards at this court it is shown that Lula Williams was indicted for murder. The indictment was filed by the clerk on November 14, 1928, and the case continued until the September, 1929, term of court, when the trial and conviction was had.

The special term was called by the regular circuit judge under the authority of section 480, Hemingway's 1927 Code, section 688, Code 1906, which provides for special terms of circuit courts, the jurisdiction therein exercised, and the machinery therefor. In this section there is contained the following applicable language: "At a special term the circuit court may impanel grand and petit juries, and shall have full jurisdiction to hear and determine all civil and criminal business, in the same manner as at a regular term."

It is essential to the validity of an indictment that both the court under whose authority the finding is made and the grand jury itself be legally constituted and organized, and that the court have jurisdiction. Barney v. State, 12 Smedes & M. 68; Rawls v. State, 8 Smedes & M. 599; Baker v. State, 23 Miss. 243; Portis v. State, 23 Miss. 578; Miller v. State, 33 Miss. 356, 69 Am. Dec. 351.

In the case of Walton v. State, 147 Miss. 851, 112 So. 790, 792, chapter 130, Laws of 1926, was sought to be put in operation in the lower court with reference to perpetual terms of the criminal courts, and the court there said with regard to circuit courts: "The court shall be held at stated times, and that it was also contemplated that at each term of the court, grand and petit jurors would be drawn from the list provided by law, if they were needed, for such term. In other words, the Constitution intended to provide for a legal method of establishing suitable lists of jurors, and drawing from such lists of jurors at each term of the court." This statement is in the light of sections 158 and 264 of the Constitution of 1890, and the effect of the holding in this case is that at

each term of court held where a grand jury was impaneled that the grand jury must be impaneled specially for the particular term to be held; in other words, the Constitution did not contemplate holding over a grand jury from a prior to a subsequent term, or its functioning at more than one term of court. This case was approved and cited in Huggins v. State (Miss.), 113 So. 352.

The special authority for terms of circuit court to be. called and held is found in section 459, Hemingway's 1927 Code, chapter 151, Laws 1918. There it is provided that the terms of court in Lafayette county shall be ''on· the second Monday of March, twelve days; and on the second Monday of November, *for civil business exclusively,* twelve days; and on the second Monday of September, twelve days; *no grand jury shall be drawn or impaneled at or for the November term.''* (Italics ours.). The language of this statute is explicit. Two terms of court are provided by the legislature at which grand juries are to be impaneled; and a civil term is provided for at which civil business exclusively is to be considered. But the statute goes further than that; it specifically prohibits the impaneling of a grand jury at this November term. The two judges circumvented the plain mandate of the statute by the free use of orders calling and pretermitting the terms of court authorized by law. We do not think this can be done.

The attorney-general, in his brief, does not controvert the appellant's contention that the indictment is void and that the court below should have quashed it. True it is that the circuit judge called a special term of court to be held at the same time and place as that fixed by law for the holding of a regular civil term of court, and then the special judge pretermitted the regular civil term at the opening of such court, thus under the guise of calling a special term and pretermitting a fixed term vainly sought to eliminate the plain provision of the statute. Under our scheme of government it is absolutely necessary to have fixed terms of court, and the legis-

lature, in the manner provided by the Constitution, is empowered to fix these terms. A circuit judge cannot assume the function of the legislature and abolish a regular statutory term of court by the expedient of naming it a special term of court. True it is that the circuit judge is authorized to call special terms and have grand juries impaneled therefor if needed, but he cannot call a special term of court at a time and place when the legislature has fixed such time and place for the holding of a general term of court. Such an order is without efficacy to repeal the statute. Whatever the judge may have named this term of court, it was the term provided by statute for the transaction of civil business exclusively, and the circuit judge was prohibited from impaneling a grand jury thereat. "It is the time prescribed for holding court, and not the time during which the court actually sits and is engaged in transacting business, which constitutes a term, and for many purposes, as for instance, the issuing and return of process, or the filing of declarations, a time appointed by law for the holding of court is a term, although the court does not actually convene." Section 216, at page 875, 15 C. J.

"Where a special term is unauthorized all proceedings thereat are void. . . . " 15 C. J., section 245, at page 891.

"An indictment found by a grand jury at a term of court held at a time unauthorized by law, or a time at which no grand jury is authorized, is a nullity and so are all proceedings thereon. The term of court for which a grand jury is to be summoned and organized and the duration of its existence for the purpose of finding indictment, are regulated by statute." 22 Cyc. 196.

In Ivey v. State, 154 Miss. 60, 119 So. 507, the court held that the circuit judge was without power to pretermit a term of court required by the Constitution, and although an order had been entered pretermitting the regular term of court and calling a special term to be heard at that time, the accused having been tried at the

regular term and at the term provided by law for the regular term, the court was lawfully held; in other words, the changing of the name of the term of court, calling it a special term instead of a general or regular term, did not change the law.

In Walton v. State, supra, Judge ETHRIDGE, speaking for the court, warned the circuit judges against doing precisely what has transpired in this case in the following language:

"It will be noted that the so-called reconvened term was called to sit during the period set aside by chapter 140 for the exclusive transaction of civil business. Whether this could be done is not necessary now to be decided, but it would seem to be the course of wisdom not to call a term during such period, as it might endanger the legality of the proceedings thereat. See Arbour v. Y. & M. V. R. R. Co., 98 Miss. 714, 54 So. 158; Yazoo & M. V. R. R. Co. v. Lawler, 130 Miss. 424, 94 So. 219."

We are of the opinion that where the law provides for a civil term of court for the transaction of civil business exclusively, a special term called for the same time and place by the judge will not supersede the statute, and the term of court will be that for which the legislature provided; but we find from the language of this statute that the court was directed by the legislature not to impanel a grand jury at this particular term of court, the legislature having provided for two terms of court at which grand juries could be impaneled. The judge had no authority, statutory, constitutional, or otherwise, to set at naught the will of the legislature. In reaching this conclusion, we are not unmindful of a broad statement contained in the case of Perkins v. State, 148 Miss. 608, 114 So. 392, 393, wherein the court said: "If, however, the order calling the term was intended to be based upon chapter 130, Laws of 1926, which provides for the convening of a session of the circuit court for the transaction of certain classes of criminal business, it was none the

less a special term of the court. Section 264 of the Constitution of 1890 requires that a grand jury be drawn at each term of court, and this includes both special and regular terms, and, since the grand jury which found and returned the indictment against the appellant was not drawn and impaneled at this special term, the indictment was void." This court intended to apply this language to the case it was then considering, not to the occasions and instances when the legislature provided for two terms of court, and then provided for a civil term of court. The question of whether the legislature may mandatorily provide for civil terms of court was not then being considered by the court, and such question was not so decided; and the broad language there used, taken in connection with that which precedes, is clearly not subject to the broad construction that whenever a circuit court in Mississippi convenes, a grand jury must be impaneled. The language is and was limited to the case there before the court for decision. The legislature clearly has the power to provide for civil terms of court, and has the power to provide that no grand jury shall be impaneled at a term of court for the transaction of civil business exclusively; and the circuit judge is powerless to change the law in this respect, as likewise the court here is, even if we had the inclination so to do.

In the case before us, the court should have sustained the motion to quash the indictment. There was no authority to impanel a grand jury at the November term of the circuit court of Lafayette county, and the impaneling and proceedings of the grand jury thereat are a nullity. Therefore the indictment is quashed, and the defendant is discharged, to be held to await the action of the grand jury of Lafayette county, Mississippi, at the next term of court thereof.

Reversed, indictment quashed, and appellant held to await the action of the grand jury.