STRAIN v. GAYDEN.

(In Banc. Jan. 22, 1945.)

[20 So. (2d) 697. No. 35757.]

**Bell & McBee** and **Kimbrough & Kimbrough,** all of Greenwood, for appellant.

**Pollard & Hamner,** of Greenwood, for appellee.

**Smith, J.,** delivered the opinion of the court.

The appellee, W. J. Gayden, as plaintiff, filed a suit in the circuit court of Leflore County against appellant, D. E. Strain, defendant, and in his declaration he set out that the appellant owned certain lands in Leflore County, and that in April 1943, he employed appellee to sell the same at the price of $125 per acre, and for his services in so doing appellee was to receive a commission of five per cent on the total sale price. This was a verbal contract. It is alleged that thereafter appellant contracted a prospective purchaser, took him upon appellant's lands and showed the same to said prospective purchaser at the price of $125 per acre, and informed appellant that said party was interested in the lands, and that later on the 29th day of September 1943, appellant executed to the said purchaser a deed of conveyance to said lands at and for the price of $125 per acre, aggregating $27,875, and appellant became obligated to pay to appellee five per cent of the total sales price, in accordance with the oral contract of employment, which commission amounted to

$1,393.75, for which amount suit was brought. It is also alleged that demand had been made for such payment and that the appellant had refused to pay it.

The declaration contains two counts, one suing for commissions as fixed by the contract and the other suing for commissions on a quantum meruit basis.

This declaration was filed on October 27, 1943, and process duly served upon appellant on the same day. The circuit court convened in regular session on November 1, 1943, so that under the rule of computation there were five days between the filing of the declaration and the issuance of process and the service thereof and the convening of court.

Shortly after the process was served upon the appellant, he employed counsel to represent him, which was between the time of the service of the process and the convening of the court. Leflore County has what is known as a "split term" of circuit court. That is to say, the first twelve days of the term are designated under the statute for the trial of civil cases, and the last twelve days for the trial of criminal cases. The statute further provides that the grand jury shall be empaneled on the first day of the term, which would be within the two weeks allotted to civil cases, and if there are no civil cases to occupy the time of the court that criminal cases might be tried within the same two weeks. On the first day of the term, the court empaneled and charged the grand jury, and empaneled two petit juries and on the same date the court sounded the civil docket. Counsel for appellant was present but counsel for appellee was not. When this case was reached on the docket by the court, appellant's counsel announced to the court that it would not be triable at the term, only five days service of process having been had. The record does not disclose what the court said. Counsel for appellant had previously informed appellant at the time of his employment, after having examined the file in the case, that the case would not be triable at the approaching term. There was no agreement between

counsel that appellant might have time within which to plead. No motion was made by counsel for appellant for time within which to plead, and the court entered no order granting the appellant time within which to plead, and no pleas were filed by appellant on the return day or any other day during the term.

Judgment by default was taken against appellant on November 19, 1943, which was next to the last day of the term, and which was during the period of the court allotted to the criminal docket. Appellee's counsel in their briefs state that they delayed taking default judgment until that day in anticipation that if the appellant wished to contest the case, he would employ counsel and file some sort of pleading to the declaration sued on. However, as stated, supra, no motion, plea or demurrer was filed. No request was made for time, and there was no agreement for time, and no grant by the court of time to plead. So that on the date above mentioned appellee was granted judgment by default in accordance with the declaration. No motion was made during the November term to set aside the judgment thus rendered.

Hovever, counsel for appellant filed a motion to set it aside at the May term, 1944, accompanied by the affidavit of counsel for appellant, and a plea of the general issue and notice thereunder, and an affidavit of meritorious defense. In his affidavit, appellant's counsel said: "His failure to file any pleading in behalf of defendant in said cause at said November term of the court was due entirely to his fixed belief and understanding that said cause had been continued for said term, and that said failure was in nowise due to intentional or conscious neglect on his part."

A stipulation between counsel setting forth in substance and effect the above facts was filed May 18, 1944, and contained this paragraph: "That it was agreed by counsel for plaintiff and defendant in open court, the court consenting thereto, on said first day of the present term of this court, that defendant's said motion would be

heard and determined by the court during the criminal part of the present term thereof; . . . '' On the same day, the motion to set aside the default judgment was amended to include the following additional ground: ''Because said judgment taken by plaintiff against defendant at the November, 1943 term of this court, the same being in the sum of $1,393.75, was not asked for or taken by plaintiff until Friday, the 19th day of November, 1943, which day and date was during the last twelve days of said term of said court, or the criminal term thereof, and when there had been no agreement between plaintiff or his attorneys on the one hand and defendant or his attorneys on the other for the taking of any action in said cause during said last twelve days of said term of said court, or during any part of said term.''

Counsel for appellant said he did not learn of entry of the default judgment until some time in April, 1944, when he went to the office of counsel for appellee to confer about setting the case for trial at the approaching May term, 1944 of circuit court, which was the first information he had that said judgment had been rendered, and said cause was not pending and triable.

At the May term of court 1944, the court overruled the motion to set aside the default judgment, and an appeal was taken from the judgment of the court.

When the case reached this Court, appellee filed a motion to dismiss the appeal as not having been perfected within the time required by law, which motion this Court overruled and refused to dismiss the appeal.

The errors assigned here are that the court below was without authority at law to award said judgment during that part of the November, 1943 term of the court which had been allotted by the Legislature for the conduct of criminal business only (sic), and the court by so doing ignored the division of the time of said court and awarded said judgment without notice to appellant or his counsel to the deprivation of appellant of a substantial right in

overruling of appellant's motion to set the judgment aside.

Code 1942, Section 1398, with reference to circuit courts in Leflore County is as follows: "On the first Monday in May and November. The first twelve days of each term shall be for civil business when a grand jury shall be convened, and the last twelve days of each term shall be for criminal business, but during the first twelve days of each term, indictments may be returned and arraignments had, and during the first twelve days of each term, criminal cases may be tried when the court is not engaged in the trial of civil cases." It will be noted that with reference to the portion of time allotted to civil business that the word "only" is not incorporated in the statute, as mistakenly stated in the assignment of errors.

Complaint is made that the taking of this default judgment under the circumstances was in effect legal fraud on the appellant, since he was not given any notice that it would be taken and his counsel was not present in court. However, counsel for appellee are exonerated completely by counsel for appellant from any imputation of deceit or misconduct or overreaching appellant or his counsel. We do not think that appellant was legally entitled to any further notice as to the progress of the trial when the service of process summoned him to appear at the term of court and defend the suit, and that the charge of legal fraud is not well taken or justified. It is not shown that counsel for appellant was in any measure misled by any act or attitude of counsel for appellee, or that there was any promise or understanding express or implied, that counsel for appellee would not invoke their right to take a default judgment upon failure of appellant, as defendant below, to plead at the time and in the manner required by the law.

The appellant cites as justifying his motion to set aside the default judgment the case of Williams v. State, 156 Miss. 346, 126 So. 40, 42, which, among other things, says: "Under our scheme of government it is absolutely

necessary to have fixed terms of court, and the Legislature, in the manner provided by the Constitution, is empowered to fix these terms. A circuit judge cannot assume the function of the Legislature and abolish a regular statutory term of court by the expedient of naming it a special term of court.'' Appellee retorts by citing Mann's Mercantile Company v. Smith, 107 Miss. 16, 64 So. 929, 930, which contains this in the opinion of the Court: ''The division of the time was for convenience, and in nowise limits the power of the court to try a case properly within its jurisdiction.''

The Williams case, supra, involved a motion to quash an indictment rendered by a grand jury during a period of the time allotted by the legislature as a civil term exclusively for the transaction of civil business and prohibiting the empanelling of a grand jury. The circuit judge of Lafayette County, however, called or attempted to call a special term of court for all purposes, including criminal matters, coincident and co-extensive with the regular civil term of court. The statute as to circuit courts in Lafayette County at the time provided that the terms of circuit court therein shall be ''on the second Monday of November, for civil business *exclusively* (Italics ours') twelve days; and on the second Monday of September, twelve days; no grand jury shall be drawn or impaneled at or for the November term.'' Hemingway's 1927, sec. 459.

In the Mann case, supra, the Court said: ''Chapter 105, Acts of 1910, fixing the terms of court in Sunflower county, provides that the first 12 days of each term shall be for civil business, and the last 12 days for criminal business. Judgment in this case was rendered during the first 12 days of the term, but the motion for a new trial was not disposed of until after the expiration of what is termed by the briefs civil term. The order overruling the motion was, however, entered on the minutes of the last 12 days. It is contended that the court could not transact any civil business after the first 12 days. The division of time was

for convenience, and in nowise limits the power of the court to try a case properly within its jurisdiction. The judge cannot ignore the division of time, when to do so would deprive a party to a lawsuit of any substantial right.''

A comparison of the provision in the Code 1942 under Section 1398 as to circuit courts in Leflore and Sunflower Counties will reveal that the arrangements for dividing the term are identical. So, the case we think, being within the jurisdiction of the circuit court, and since the statute does not provide that the last week of the term shall be exclusively for the trial of criminal cases, or for the trial of criminal cases only, and since the division of time was for convenience in the administration of the business of the court, it was proper for the court under the circumstances to render the default judgment here complained of, unless by so doing it deprived appellant of a substantial right. Did it deprive appellant of a substantial right? The right to a trial is substantial, but we think the court by its action did not deprive appellant of his right to a trial. This right was forfeited, so to speak, by appellant upon his failure to file any kind of plea or motion for time, or receiving a grant of time from the court, or reaching an agreement with appellee for an extension of time in which to plead. The rules governing these matters are all for the convenience of the courts, and the facility and expedition of its business, and for the government of litigants in the ordinary processes of the court in its administration of business and adjudication.

It is true that the judgment here complained of was by default, but it is also true that a judgment by default, where personal jurisdiction of a defendant has been obtained, is as conclusive either as an estoppel or bar as a judgment in a contested case. A judgment by default is attended by the same legal consequences as if there had been a verdict for the plaintiff. Freeman on Judgments (5 Ed.), pages 1393-1395.

Where the court has jurisdiction of the subject matter and the parties and renders judgment at a term of court, it is without power to set aside such judgment after the term of court has elapsed. In the case of McIntosh v. Munson Road Machinery Company, 167 Miss. 546, 145 So. 731, 733, the court rendered a default judgment at a time when a plea was on file, and after the term had expired a motion was made to set aside the judgment and this motion was overruled. In discussing the matter, this Court said: "our attention has not been called to a single case in which a judgment has been condemned as absolutely void." We do not think that the judgment in this case can be condemned as void, or even erroneous, since the court had jurisdiction over both the parties and the subject matter, and after due process served sufficiently ahead of the return day of the term, and the judgment was rendered by a court of competent jurisdiction at a regular term of court at a time when no plea or motion, or agreement for time in which to plead, was on file.

Having reached this conclusion, it is not necessary to discuss any other issues of the case argued in the briefs. We think the court was right in refusing to set aside the judgment, and while we recognize that the rule is a hard one, nevertheless it is justified by reason, experience and law. Therefore, the case will be affirmed.

Affirmed.