HAWKINS, Justice,
for the Court.
Mary Lawrence Campbell, individually and as representative of the heirs and as administratrix of estate of Juanita Lawrence Epps, filed suit in the Circuit Court of Jackson County under our wrongful death statute against the defendant C & H Transportation Company, Inc., Darrell Foxworth and Katherine Mitchell Cash for the death of her sister Juanita Lawrence Epps. A motion was made by the defendants to dismiss the cause with prejudice, which was sustained by the circuit judge, and from which Mrs. Campbell appeals. We affirm.
The only issue we address on this appeal is the effect of the final judgment of a United States District Court of Illinois finding in favor of James L. Epps, the husband of the decedent, who had likewise prosecuted with success a wrongful death action against the defendant C & H Transportation Company, Inc., and which judgment was subsequently satisfied.
*1285 Juanita Lawrence Epps was killed in a motor vehicle accident which occurred October 31, 1979, on Highway 90 in Jackson County, when the automobile she was driving was struck by a truck-trailer being driven by Katherine Mitchell Cash. The truck was owned by Darrell Foxworth and was leased to C & H Transportation Company, Inc.
She was a resident of the State of Illinois, in the City of East St. Louis, St. Clair County. She was married to James L. Epps and had no children.
Her sister, Mary Lawrence Campbell, qualified as administratrix of her estate on December 11, 1979, in the Chancery Court of Jackson County, and pursuant to chancery court authority filed suit under our wrongful death statute, Miss.Code Ann. § 11 — 7—13 (Supp.1977), in the Circuit Court of Jackson County that same day.
The suit was filed by Mrs. Campbell not only as administratrix, but on behalf of all interested parties under the statute. The named defendants were C & H Transportation Company, Inc., Darrell Foxworth and Katherine Mitchell Cash.
Epps qualified as administrator of his wife’s estate on November 21, 1979, in the Circuit Court of St. Clair County, Illinois. On January 25, 1980, he filed suit in the United States District Court of Southern Illinois against C & H Transportation Company, Inc., as administrator and sole heir of his wife. On October 14, 1980, there was a bench trial before the United States District Judge on the merits of that case, resulting in a judgment rendered by that court October 17, 1980, in the amount of 1300,000 in favor of Epps against the defendant C & H Transportation Company. On October 9, 1980, Epps executed a complete and unlimited release to C & H Transportation Company, Inc., Cash and Fox-worth for the recited consideration of $300,-000. This release was notarized October 29, 1980. Pursuant to authority for the Circuit Court of St. Clair County, Illinois, Epps satisfied this judgment October 29, 1980.
Various proceedings were had in the Chancery Court of Jackson County pertaining to the estate proceedings pending there — unnecessary to detail here — but Epps was appointed co-administrator of his wife’s estate with the sister, Mrs. Campbell.
Also, by order of the Circuit Court of Jackson County on August 1, 1980, Epps was permitted to intervene as a party plaintiff with Mrs. Campbell in the action pending in that court.
On December 1,1980, Mrs. Campbell took a voluntary nonsuit as to the defendant C & H Transportation Company in the Jackson County Circuit Court action.
On March 7, 1981, the remaining defendants filed a motion to dismiss with prejudice the cause pending in the Circuit Court of Jackson County. This motion was sustained and a motion to reconsider was overruled June 8, 1981. Epps appeared and testified on this motion.
There was no fraud or collusion charged. Epps’ authority to proceed and settle this case as he did, has been challenged, however.
Epps, the sole party in interest under § 11-7-13, our wrongful death statute, sued and recovered judgment for all damages resulting from his wife’s death against all of the parties jointly and severally liable in a court of competent jurisdiction. The judgment was paid in full. The cause of action against all parties who were jointly and severally liable for Mrs. Epps death was thereby terminated. Medley v. Webb, 288 So.2d 846 (Miss.1974); Granquist v. Crystal Springs Lumber Co., 190 Miss. 572, 1 So.2d 216 (1941).
The circuit judge properly sustained the motion to dismiss with prejudice and the judgment of the circuit court dismissing the cause with prejudice is affirmed.
AFFIRMED.
PATTERSON, C. J., SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE, BOWLING and DAN M. LEE, JJ., concur.