607 So.2d 1210 (1992)
Mrs. Patricia A. EVANS, Adult, and Martisha S. Evans, Minor, without Legal Guardian, who Sues by Her Adult Mother, Patricia A. Evans, as Next Friend
v.
David G. SHARPLEY and Truax Trucking Company, Inc.
No. 89-CA-0019.
Supreme Court of Mississippi.
October 8, 1992.
*1211 John B. Farese, John B. Riemenschneider, Farese Farese & Farese, Ashland, for appellants.
Thomas A. Bell, Randolph C. Wood, Daniel Coker Horton & Bell, Jackson, for appellees.
En Banc.
ROY NOBLE LEE, Chief Justice, for the Court:
Patricia A. Evans filed a wrongful death suit on behalf of herself and her minor child in the Circuit Court of Marshall County, Mississippi, seeking $5,000,000 in compensatory damages and $1,000,000 in punitive damages due to the death of Robert L. Evans, husband and father of the Evans. Evans obtained a valid default judgment against Truax. After a hearing on a Writ of Inquiry, July 23, 1988, the court fixed damages against Truax in the amount of $418,965.50 together with $1,582.50 in interest. The judgment was paid and marked satisfied.
Thereafter, Sharpley filed a motion to dismiss the suit against him, pursuant to Rule 12(b)(6) of Miss.R.Civ.P., alleging that the Evans had received full satisfaction of their claim. The motion was granted by the court on November 28, 1988, for the stated reason that the plaintiffs were estopped from pursuing any claim for relief against Sharpley. The Evans have appealed, seeking a reversal of the judgment in favor of Sharpley and that the case be remanded as to him for trial.

FACTS
On October 5, 1987, Robert L. Evans worked for the Mississippi Highway Department and was engaged in a potholepatching operation along U.S. Highway 78 in Marshall County. He and another employee were working from a dump truck, which was parked or moving very slowly in the right, west-bound lane of the four-lane highway. A sign warning oncoming traffic of work ahead was placed on the right shoulder of the highway about eight-tenths of a mile east of the dump truck's location. At the same time, David G. Sharpley was making his way from New Albany to Memphis to pick up a load to haul in his eighteen-wheeler truck. Travelling at about sixty miles-per-hour, he passed another eighteen-wheeler and began pulling back into the right lane when he saw the dump truck in the roadway ahead.
Sharpley could not immediately discern that the dump truck was not moving, but when he did, he tried to get back in the passing lane and hit his brakes at the same time. However, his efforts were too little, too late, and his truck struck the left rear of the dump truck, throwing the occupants from the truck. Sharpley's rig then ran over Evans, resulting in his death a few minutes later while he still lay on the highway.

*1212 STATEMENT OF CASE
After the complaint was filed on November 3, 1987, neither Sharpley nor Truax answered the complaint within thirty (30) days as required by Miss.R.Civ.P. Rule 12(a). On December 11, 1987, entry of default was entered by the clerk, followed by the default judgment of the court in the amount of $5,000,000, pursuant to a Writ of Inquiry by the court.
On December 29, 1987, Sharpley and Truax filed a motion to set aside the default judgment, alleging improper service of process as to both, as well as meritorious defenses. A hearing was set for March 4, 1988, on the motion and, after that hearing, the court entered an order on April 20, 1988, setting aside the default judgment against Sharpley on the ground that service of process was improper. The court also set aside the default judgment against Truax as to damages only, and granted Truax another writ of inquiry, since the court found that damages of $5,000,000 were excessive as a matter of law.[1]
The hearing on the writ of inquiry was held on July 23, 1988, and, subsequently, the court fixed damages against Truax in the amount of $418,965.50. As stated hereinbefore, that judgment was paid by Truax, together with interest, and was satisfied. The lower court agreed with Sharpley's motion that the Evans had received full satisfaction of their claim and dismissed the complaint against Sharpley.

DISCUSSION

THE SOLE ISSUE

WHETHER THE SATISFACTION OF A DEFAULT JUDGMENT AGAINST A CO-DEFENDANT ENTITLES THE REMAINING DEFENDANT TO DISMISSAL OF THE ACTION AGAINST HIM?
The complaint in this case was filed on behalf of Mrs. Evans and her minor child against the joint defendants, David G. Sharpley and Truax Trucking Company, Inc. They charged that Sharpley, driver of the truck involved, was guilty of negligence, which was imputed to Truax, and that Sharpley and Truax were jointly and severely liable for actual and punitive damages. As stated, default judgments was entered against them for failure to answer. The default was set aside as to Sharpley for lack of process and as to Truax on the amount.
The lower court issued another writ of inquiry and presided over an extensive hearing on the amount of damages to be allowed the Evans. The lower court excluded the issue of punitive damages. Expert evidence was introduced to present the net cash value of Evans' life. At the conclusion of the hearing, the lower court fixed the sum of $418,965.50 as damages for the Evans and the judgment was duly enrolled. Subsequently, Truax satisfied and paid the judgment, after a hearing in the chancery court, which approved an authorization on behalf of the minor child.
In Campbell v. C & H Transportation Co., Inc., 411 So.2d 1284 (Miss. 1982), Mrs. Epps was killed by a truck owned by one Foxworth, leased to C & H and driven by Cash. The deceased's husband brought suit in the United States District Court for Southern District of Illinois and obtained a judgment against C & H in the amount of $300,000. The judgment was paid and satisfied and, subsequently, the husband joined the deceased's sister in a wrongful death suit brought in Jackson County against the same defendants. A voluntary nonsuit was entered as to C & H and then the trial court granted a motion to dismiss as to the other defendants. This Court affirmed, stating:
Epps, the sole party in interest under § 11-7-3, our wrongful death statute, sued and recovered judgment for all damages resulting from his wife's death against all of the parties jointly and severally liable in a court of competent jurisdiction. The judgment was paid in full. The cause of action against all parties *1213 who were jointly and severally liable for Mrs. Epps death was thereby terminated. Medley v. Webb, 288 So.2d 846 (Miss. 1974); Granquist v. Crystal Springs Lumber Co., 190 Miss. 572, 1 So.2d 216 (1941).
Id. at 1285.
The Evans' expert witness testified that the present net economic value of Evans' life was $363,863 at the most and funeral expenses were stated to be $1,851. The lower court may not have accepted that full figure of net economic value in light of the opposing expert opinion. Therefore, a substantial amount of the judgment was apparently applied for other elements of damages. The Evanses do not argue here to this Court that the judgment entered against Truax, and satisfied by it, is not sufficient to compensate them for all their damages. This Court held in Medley v. Webb, 288 So.2d 846 (Miss. 1974) that:
There can be but one satisfaction of the amount due the plaintiff for his damages. He cannot recover the full amount found by a jury to be due him and still sue another joint tort-feasor because the jury did not award him as much money as he claimed to be his damages. See Annot., 135 A.L.R. 1498 (1941) and Annot., 166 A.L.R. 1100 (1947).
Id. at 848.
The default judgment here is as conclusive, either as an estoppel or bar, as the judgment in a contested case of all issues and is attended by the same legal consequences as if there had been a jury verdict for the plaintiffs. Strain v. Gayden, 197 Miss. 353, 20 So.2d 697, 700 (1945) (quoted in Martin v. Armstrong, 350 So.2d 1353, 1356 (Miss. 1977)).
The record does not reflect that any issue was raised in the court below as to the exclusion of, or refusal to grant, punitive damages on the part of the lower court. No appeal was granted as to such from the money judgment against Truax. The first time the question of punitive damages surfaced was at oral argument before this Court.
Further, we are of the opinion that the Evans are collaterally estopped from litigating the issue of damages. Collateral estoppel applies where three elements are present:
(1) the issue involved in the second suit was identical to the one involved in the previous suit; (2) the issue was actually litigated in the prior action; and, (3) the resolution of the issue was necessary to the prior judgment.
In the Interest of K.M.G., 500 So.2d 994, 997 (Miss. 1987). Accord, Welborn v. Lowe, 504 So.2d 205, 207 (Miss. 1987).
We are of the opinion that the three elements are satisfied here. An additional requirement applicable to this case is that the party against whom the doctrine is applied must have had a full and fair opportunity to litigate the issue in the previous action and must have been able to foresee the future litigation. Jordan v. McKenna, 573 So.2d 1371, 1375 (Miss. 1990). The Evans had a full and fair opportunity to litigate the issue of damages at the hearing on the writ of inquiry, scheduled for that purpose only. The Evanses argue that collateral estoppel should not be applied to them because Sharpley was not a party to the action.
A person who is not a party but who controls an action individually or in cooperation with others is bound by the adjudications of litigated matters as if he were a party, if he has a proprietary or financial interest in the judgment or in the determination of a question of fact or of a question of law with reference to the same subject matter or transaction .. .
Palmer v. Clarksdale Hospital, 213 Miss. 611, 57 So.2d 476, 481 (1952) (quoting Restatement of Judgments, Sec. 84.).
Counsel for the Evanses had the full opportunity to present all damages they claimed at the hearing on the bill of inquiry. They obtained judgment on the proof presented and that judgment was satisfied. Collateral estoppel thus precludes the Evans from relitigating the issue of damages.
There being no reversible error in the judgment of the lower court, that judgment is affirmed.
AFFIRMED.
*1214 HAWKINS and DAN M. LEE, P.JJ., and PRATHER, SULLIVAN, PITTMAN and BANKS, JJ., concur.
McRAE, J., concurs in results only.
ROBERTS, J., not participating according to supreme court internal rules.
NOTES
[1] The Honorable William R. Lamb became the presiding judge as of the March 4, 1988, hearing.