In re Johnny NUNLEY and
Retha Nunley, Debtors.

Carol Ed Sanders and Michael
D. Cooke, Plaintiffs,

v.

Johnny Nunley and Retha
Nunley, Defendants.

Bankruptcy No. 98–14873.

Adversary No. 98–1381.

United States Bankruptcy Court,
N.D. Mississippi.

June 1, 1999.

Micheal D. Cooke, Iuka, MS, pro se.

Michael D. Cooke, Iuka, MS, for Carol
Ed Sanders.

Johnny Nunley, pro se.

Retha Nunley, pro se.

## OPINION

DAVID W. HOUSTON, III, Bankruptcy
Judge.

On consideration before the court is a
motion for summary judgment filed in the

above styled adversary proceeding by the plaintiffs, Carol Ed Sanders and Michael D. Cooke; a response thereto having been filed by the defendant/debtor, Johnny Nunley; and the court, having considered same, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This is a core proceeding as defined in 28 U.S.C. § 157(b)(2)(I).

### II.

### FACTUAL UNDERPINNINGS

On July 20, 1995, Carol Ed Sanders filed a complaint in the United States District Court for the Northern District of Mississippi, alleging violations under 42 U.S.C. § 1983, against Johnny Nunley, Larry Wilson, Benny Parrish, Steve Grisham, Deborah Grisham, and Tishomingo County, Mississippi, under Civil Action No. 1:95CV237–D–D. Nunley was lawfully served with process, but failed to appear, plead, or file an answer to the complaint. A default was entered against him by the clerk of the district court on January 9, 1996.

The case proceeded to trial and a judgment was ultimately entered against Nunley by United States District Judge Glen Davidson on September 16, 1998. The judgment awarded Sanders compensatory damages in the sum of $80,000.00, and punitive damages in the sum of $1,000,000.00, together with interest at the rate of 4.73% per annum. The judgment noted that the court had heard proof of acts and omissions by Nunley, who at all pertinent times was the duly elected Sheriff of Tishomingo County, Mississippi.

Pursuant to a motion filed by Sanders in the district court case, Judge Davidson entered an order, dated May 17, 1999, describing in detail his reasoning for entering the judgment for compensatory and punitive damages against Nunley. Ex-cerpts from this order are set forth as follows:

The Plaintiff, Carol Ed Sanders, filed a Complaint in the United States District Court for the Northern District of Mississippi, Eastern Division on July 20, 1995, styled, *Carrol Ed Sanders v. Johnny Nunley, et al.,* and being Cause No. 1:95CV237–D–D, said cause of action being a Section 1983 lawsuit against Johnny Nunley, individually and as Sheriff of Tishomingo County in July of 1995 for willful and malicious injuries to his person and his property. The Complaint set forth numerous counts of willful and malicious injuries inflicted by or at the direction of Defendant, Johnny Nunley, to the person and property of the Plaintiff, Carol Ed Sanders. Those injuries included, but were not limited to, two (2) incidences of the Defendant, Johnny Nunley, and/or his deputies shooting numerous rounds of ammunition into the store of the Plaintiff, Carol Ed Sanders; the Defendant, Johnny Nunley, directing private citizens to plant drugs in the home of the Plaintiff, Carol Ed Sanders, with the express purpose of arresting the Plaintiff on drug possession charges; the Defendant, Johnny Nunley, initiating the illegal arrest and false imprisonment of the Plaintiff; the Defendant, Johnny Nunley, extorting the sum of $1,000 from the Plaintiff, Carol Ed Sanders, on four separate occasions; and attempting to extort the sum of $50,000 from the Plaintiff, Carol Ed Sanders on one occasion.

The Defendant, Johnny Nunley, after being lawfully served with process, totally and wholly failed to plead or otherwise defend the action filed by the Plaintiff, Carol Ed Sanders, as hereinabove referenced, and a Default by clerk was entered on January 9, 1996[1].

---

1. The Default by Clerk is dated in error. The document should be dated "January 9, 1996" as the default could not have pre-dated the Complaint.

A jury trial was held in Civil Action No. 1:95CV237–D–D on September 14, 15, and 16, 1998, and the Court ultimately entered a Judgment against Johnny Nunley for compensatory damages in the amount of $80,000 and for punitive damages in the amount of $1,000,000 on September 16, 1998.

The basis for the Court's granting the Judgment as referenced above against Defendant Nunley was based upon the pleadings of the Plaintiff to which the Defendant failed to plead, defend or otherwise answer and as such, said averments must be construed as being waived by Defendant Nunley.

Further, the Court heard testimony at the trial of the hereinabove styled and numbered cause of action as to the acts and omissions of Defendant Nunley and determined that the acts committed were intentional, wilful and malicious. The Court attaches hereto an Affidavit as to testimony rendered at the trial of this matter regarding the acts and/or omissions of Defendant Nunley.

Based upon Defendant Nunley's having failed to plead, defend or otherwise answer the averments listed in Plaintiff's complaint and upon oral testimony given at trial, the Court found Defendant Nunley's actions to have been intentional, wilful and malicious and accordingly granted judgment against Defendant Nunley in favor of the Plaintiff in the amount previously specified.

On the same date that he entered the aforementioned order, Judge Davidson executed an affidavit which reads as follows:

I am the United States District Judge who presided over the civil trial of this action that took place in the United States District Court in Aberdeen, Mississippi, on September 14, 15 and 16, 1998.

I listened to the testimony, reviewed the pretrial order and the pleadings in this cause. It is specifically noted that the former sheriff, Johnny Nunley, did not appear, plead or answer to the averments in the complaint against him in this cause.

The clerk of this court pursuant to the Federal Rules of Civil Procedure entered a finding of default as a result of defendant Nunley's failure to appear, plead or answer the complaint in this cause.

As the presiding judge in this cause, I heard all of the testimony relative to the averments in the complaint and pretrial order. At the conclusion of the case, I awarded judgment in the plaintiff's favor against defendant Nunley in the amount of Eighty Thousand Dollars ($80,000) in compensatory damages and One Million Dollars ($1,000,000) in punitive damages.

In making this award of punitive damages, I was and am now of the opinion that the actions of the defendant Nunley towards the plaintiff, Carrol Ed Sanders, were wanton, wilful and malicious.

In the criminal proceeding, which stemmed from the same factual circumstances that were present in the aforementioned civil litigation, Nunley voluntarily entered a guilty plea on December 19, 1994, to an information in Criminal Case No. 1:94CR125–B, charging a one count violation of Title 18 § 666(a)(1)(B), for bribery concerning programs receiving federal funds. A judgment imposing sentence was thereafter entered by United States District Judge Neal Biggers on July 10, 1995.

On October 19, 1998, Johnny and Retha Nunley filed their voluntary Chapter 7 bankruptcy case. In their schedules, they listed both plaintiffs herein, Carol Ed Sanders and Michael D. Cooke, as creditors as a result of the aforementioned civil judgment entered in the United States District Court. In addition, they separately listed Cooke as a creditor having a disputed claim for attorney's fees.

On December 1, 1998, the above captioned adversary proceeding was filed in the bankruptcy case against both debtors. The complaint essentially asserts that the

judgment entered in the United States District Court against Johnny Nunley should be a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6), inasmuch as it resulted from Nunley's wilful and malicious conduct. Although Retha Nunley was listed in the caption of the adversary proceeding and was served with process, nowhere in the body of the complaint was her name mentioned, nor was any relief sought against her by the plaintiffs. Through an earlier order, Retha Nunley was dismissed as a defendant in the proceeding.

By an order entered January 27, 1999, in Cause No. 1:95CV237–D–D, Judge Davidson awarded interim attorney's fees to Sanders in the sum of $53,613.91, against Tishomingo County, Johnny Nunley, Larry Wilson, Steve Grisham, and Deborah Grisham, jointly and severally. This fee award, which is derivative, in part, from the aforementioned judgment rendered against Nunley, constitutes Cooke's interim claim in this case.

### III.

#### COLLATERAL ESTOPPEL/RES JUDICATA

■ In addressing the issues of collateral estoppel and res judicata, three authorities must be noted:

First, the Supreme Court case, *Brown v. Felsen*, 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979), addressed the issue of the applicability of collateral estoppel in a bankruptcy dischargeability action as follows:

> If, in the course of adjudicating a state law question, a state court should determine factual issues using standards identical to those of [§ 523 of the present Bankruptcy Code] then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in bankruptcy court.

*Id.*

Second, in *In re Shuler*, 722 F.2d 1253, 1255 (5th Cir.1984), the Fifth Circuit stated that collateral estoppel may be invoked in a dischargeability action, but held that the bankruptcy court is not bound by the earlier determination and, in fact, retains exclusive jurisdiction to determine the ultimate question of the dischargeability of a debt. In addition, the *Shuler* decision, citing *White v. World Finance of Meridian, Inc.*, 653 F.2d 147, 151 (5th Cir.1981), set forth the following test for applying the doctrine of collateral estoppel within the Fifth Circuit: (i) the issue to be precluded must be identical to that involved in the prior action, (ii) the issue must have been actually litigated in the prior action, and (iii) the issue determination in the prior action must have been necessary to the resulting judgment. *In re Shuler*, 722 F.2d at 1256 n. 2.

Third, the Fourth Circuit decision, *Combs v. Richardson*, 838 F.2d 112, 114 (4th Cir.1988), held that a jury award of punitive damages based solely on a wilful and malicious standard will collaterally estop relitigation of the debtor's wilful and malicious conduct in a subsequent bankruptcy dischargeability proceeding.

In the case tried before the district court, Nunley failed to answer or to appear and a default was entered against him. In his memorandum, Nunley states that he elected not to participate in the civil case on the advice of his attorney. As noted hereinabove, Nunley voluntarily entered a guilty plea on December 9, 1994, to an information charging a one count violation of Title 18, § 666(a)(1)(B), for bribery concerning programs receiving federal funds. Nunley's explanation does not seem plausible since his guilty plea to the criminal charges pending against him occurred before Sanders even filed his civil complaint in the district court and over a year before the default was entered. Nunley must live with the consequences of his decision not to participate in the civil district court case.

■ The failure of a defendant to attend the trial does not prevent issue preclusion

in a subsequent action, so long as the prior action was actually litigated in the defendant's absence.

In *Garner v. Lehrer (In re Garner)*, 56 F.3d 677 (5th Cir.1995), the Fifth Circuit, applying Texas law on collateral estoppel, gave preclusive effect to a prior state court judgment even though the defendant failed to appear at the trial. In the opinion, the court made a distinction between a "simple default judgment" and a "post-answer default." Once an answer is filed, the plaintiff is unable to obtain a simple default judgment and must offer evidence to satisfy the burden of proof as to the elements of the action. Lehrer had sued Garner in state court. Garner answered the complaint, but did not appear at the trial, and a judgment was entered against him. Garner then filed bankruptcy which prompted the filing of a dischargeability complaint by Lehrer. Lehrer then moved for summary judgment based on the preclusive effect of the state court judgment. In response, Garner asserted that the "fully and fairly litigated" element of issue preclusion had not been met since the trial had been conducted in his absence. In affirming the bankruptcy court and the district court, the Fifth Circuit stated as follows:

> In the state court proceedings, Garner answered Lehrer's complaint with a general denial, and then he failed to appear for trial. The district court conducted a trial in Garner's absence, and "based on the testimony presented to the Court, the Court f[ound] and conclude[d] that Plaintiff, Kenneth Eugene Lehrer [was] entitled to recover judgment against Defendants." This decision was reached after Garner answered Lehrer's complaint and after a trial in which Lehrer put on evidence sufficient to carry his burden of proof. According to Texas law, the issues were properly raised and actually litigated; accordingly, we find they were fully and fairly litigated for collateral estoppel purposes.

*Garner v. Lehrer (In re Garner)*, 56 F.3d 677, 680 (5th Cir.1995).

In a decision subsequent to the *Garner* opinion, the Fifth Circuit appears to have dropped the distinction between a "simple default" and a "post-answer default" for collateral estoppel purposes. In *Pancake v. Reliance Insurance Co. (In re Pancake)*, 106 F.3d 1242 (5th Cir.1997), Pancake, a bank loan officer, was accused by Reliance of loaning money to borrowers that he knew to be poor credit risks in exchange for kickbacks. Reliance, a surety for the bank, sued Pancake in state court alleging fraud. Pancake filed an answer which was stricken because he had failed to comply with certain discovery orders. Pancake did not appear at trial and a default judgment was entered against him. When Pancake subsequently filed bankruptcy, Reliance filed its complaint to determine the dischargeability of the default judgment. The bankruptcy court granted summary judgment for Reliance. On appeal, the district court reversed, stating that the default judgment was not entitled to preclusive effect. The Fifth Circuit affirmed the district court, concluding that preclusive effect could not be given to the state court judgment because it was unclear from the record whether or not an evidentiary hearing was held in which Reliance was required to meet its burden of proof. "The only indication that the state court held a hearing comes from the final judgment, in which the court states that it heard 'the evidence and arguments of counsel.' That statement alone does not establish that Pancake received a full and fair adjudication on the issue of fraud." *Id.* at 1244. The court went on to state that the nature of a default judgment is immaterial for collateral estoppel purposes so long as the record reflects that an evidentiary hearing was conducted, and the plaintiff's burden of proof was met.

> For purposes of collateral estoppel ... the critical inquiry is not directed at the nature of the default judgment, but, rather, one must focus on whether an issue was fully and fairly litigated.

Thus, even though Pancake's answer was struck, if Reliance can produce record evidence that the state court conducted a hearing in which Reliance was put to its evidentiary burden, collateral estoppel may be found to be appropriate.

*Id.* at 1245.

As noted in the order and affidavit executed by Judge Davidson, the cause of action against Nunley and the other defendants was thoroughly litigated. Only after hearing all of the proof did Judge Davidson enter the judgment against Nunley for compensatory and punitive damages. His affidavit is conclusive that he considered Nunley's actions against the plaintiff, Sanders, to be wilful and malicious.

The Fifth Circuit Court of Appeals has recently articulated that the standards relative to issue preclusion, developed in the forum state, should be utilized when determining the applicability of collateral estoppel. In *Caton v. Trudeau (Matter of Caton),* 157 F.3d 1026 (5th Cir.1998), the Fifth Circuit, holding that the doctrine of collateral estoppel may be applied to default judgments under Illinois law, stated as follows:

The Illinois Supreme Court has not yet determined whether default judgments are entitled to the same preclusive effect under the doctrine of collateral estoppel as any other judgment, but it has noted that there is a split of authority on the issue with some courts giving default judgments limited preclusive effect. The Appellate Court of Illinois, however, recently has held that collateral estoppel may be applied to a default judgment provided no injustice results from the application. This very recent pronouncement by an Illinois appellate court forecloses Caton's contention, and we thus must conclude that the doctrine of collateral estoppel may be applied to default judgments under Illinois law.

For collateral estoppel to apply, a party must have had a full and fair opportunity to litigate the issue in the prior action and there must be no undue unfairness to the party estopped. Caton clearly had a full and fair opportunity to contest the issue in the state proceeding, and we find no injustice in applying the doctrine of collateral estoppel in this case. Caton was properly notified of the proceeding and, in fact, filed a notice of removal therein. After remand, however, Caton chose not to appear in the proceeding further, even though Trudeau sought actual and punitive damages in excess of $10 million for libel per se. Under these circumstances, it cannot be disputed that Caton had an opportunity to litigate. Caton does not contest that he received notice of the default, as well as the subsequent evidentiary hearing, and he provides no explanation for his failure to pursue his legal remedies after the remand.

Caton further contends that the bankruptcy court cannot rely on the Illinois default judgment because the state record presented is insufficient to support the judgment. He asserts that the facts supporting the judgment are not discernible from the record presented and, thus, dischargeability cannot be determined therefrom. In reviewing the application of collateral estoppel under Texas law, we have articulated the standard upon which Caton relies; that the record reflect the finding made and the supporting facts so that the bankruptcy court may determine that the pertinent issue was litigated and decided. We have never required, however, that a full state court record be presented. We only require that the record introduced have sufficient detail to allow the use of collateral estoppel. Such has been established in the case at bar.

*Id.* at 1027–1028.

■ In Mississippi, the application of the doctrine of collateral estoppel can clearly be predicated on a previous default judgment. In *Strain v. Gayden,* 20 So.2d 697, 197 Miss. 353 (1945), the Mississippi Supreme Court stated as follows:

It is true that the judgment here complained of was by default, but it is also true that a judgment by default, where personal jurisdiction of a defendant has been obtained, is as conclusive either as an estoppel or bar as a judgment in a contested case. A judgment by default is attended by the same legal consequences as if there had been a verdict for the plaintiff. Freeman on Judgments, 5th Ed., Pages 1393–1395.

*Strain v. Gayden,* 20 So.2d at page 700. *See also, Evans v. Sharpley,* 607 So.2d 1210 (Miss.1992).

■ In the opinion of this court, in keeping with the standards articulated by the Fifth Circuit, coupled with the status of the law in the State of Mississippi, the default judgment entered by Judge Davidson against Nunley, after considering all of the proof, must be given preclusive effect. Indeed, Judge Davidson indicated that his judgment was premised on the wilful and malicious conduct of Nunley. The attorney fees awarded to Sanders as a result of Cooke's representation are a product of the same conduct and, therefore, occupy the same status as the judgment rendered in Sanders' favor. See, *Cohen v. De La Cruz,* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

### IV.

### STANDARDS FOR SUMMARY JUDGMENT

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.,* 812 F.2d 265 (5th Cir.1987); *Put-*

*man v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291 (5th Cir.1987), *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips,* 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips,* 812 F.2d at 272.

### V.

### CONCLUSION

Based on the foregoing analysis, the court is of the opinion that there are no genuine issues as to any material facts in this adversary proceeding, and, as such, the moving party is entitled to judgment as a matter of law. Therefore, the doctrine of collateral estoppel applies to the judgment and award of attorney fees entered against the defendant, Johnny Nunley, in the United States District Court, as follows:

1. The judgment in favor of the plaintiff, Carol Ed Sanders, in the sum of $80,-000.00 in compensatory damages and $1,000,000.00 in punitive damages, which was rendered because of Nunley's wilful and malicious conduct, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6).

2. The award of attorney fees in favor of the plaintiff, Carol Ed Sanders, as a result of the legal services provided by the plaintiff, Michael D. Cooke, which also was the product of Nunley's wilful and malicious conduct, is non-dischargeable pursuant to 11 U.S.C. § 523(a)(6). (This sum may be adjusted for any amounts paid by

the other defendants in the district court litigation, as well as, for any additional amounts that might be subsequently awarded by the district court.)

An order will be entered consistent with this opinion.