In re Wardell EVANS, Jr., Debtor.

Elizabeth A. Gilleylen, Plaintiff,

v.

Wardell Evans, Jr., Defendant.

Bankruptcy No. 98–10201.
Adversary No. 98–1212.

United States Bankruptcy Court,
N.D. Mississippi.

June 27, 2000.

Carter Dobbs, Jr., Amory, MS, for plaintiff.

Selene D. Maddox, Tupelo, MS, for debtor.

## OPINION GRANTING SUMMARY JUDGMENT

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration before the court is a complaint filed by the plaintiff, Elizabeth A. Gilleylen, against the defendant, Wardell Evans, Jr., as well as, a motion for summary judgment filed by the said plaintiff; an answer to the complaint was filed by the defendant, but no response was filed to the motion for summary judgment; and the court, having considered the motion for summary judgment, hereby finds as follows, to-wit:

### I.

The court has jurisdiction of the parties to and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(I).

### II.

The following factual circumstances are not in dispute, to-wit:

A. On July 20, 1993, a complaint was filed in Cause No. 93–243–RM of the Circuit Court of Monroe County, Mississippi, by the plaintiff, Elizabeth A. Gilleylen, alleging an unprovoked assault upon her by the defendant, Wardell Evans, Jr. Process

was served on the defendant on July 27, 1993.

B.   On January 28, 1994, an Application To Clerk For Entry Of Default And Supporting Affidavit was filed by the plaintiff. On that same date, the Circuit Clerk of Monroe County, Mississippi, entered a Default, as well as, a Writ Of Inquiry for a determination of the amount of damages owed by the defendant to the plaintiff.

C.   On January 28, 1994, Gilleylen testified before the Circuit Court of Monroe County, Mississippi, in support of the said writ of inquiry.   The affidavit of Circuit Court Judge Frank Russell, who presided over the state court proceeding, and the resulting Interlocutory Judgment On Writ Of Inquiry are attached to this opinion and are incorporated herein by reference.   In essence, these exhibits substantiate findings of fact that Wardell Evans, Jr., committed an unprovoked assault on Gilleylen which was intentional, willful, and malicious.   As a result of the assault and the injuries received by Gilleylen, she was awarded a judgment against Evans for compensatory damages in the amount of $20,000.00, and punitive damages in the amount of $40,000.00, for a total award of $60,000.00, together with all costs of the litigation.   Thereafter, a default judgment was entered by the court in the total sum of $60,000.00, plus all accrued court costs, which would bear interest at the rate of 8% per annum.   A copy of the default judgment is likewise attached hereto and incorporated herein by reference.

D.   Authenticated copies of each of the aforementioned documents, which were entered in the Circuit Court of Monroe County, Mississippi, were submitted to this court along with Gilleylen's motion for summary judgment.

E.   Evans, filed a voluntary Chapter 7 bankruptcy case in this court listing Gilleylen as a creditor.   Thereafter, Gilleylen filed her complaint to deny the dischargeability of the debt owed to her to which the defendant filed a timely answer.   She also filed the motion for summary judgment, which is presently being considered by the court, but the defendant failed to respond.

## III.

In her complaint, Gilleylen asserts that the debt owed to her by Evans is nondischargeable pursuant to 11 U.S.C. § 523(a)(6), which provides as follows:

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

In her motion for summary judgment, Gilleylen asserts that the theories of collateral estoppel and/or res judicata preclude the relitigation in this court of Evans' willful and malicious conduct, as well as, the amounts of compensatory and punitive damages awarded to her.   In addressing the issues of collateral estoppel and res judicata, three authorities must be noted:

■   First, the Supreme Court case, *Brown v. Felsen,* 442 U.S. 127, 139 n. 10, 99 S.Ct. 2205, 2213 n. 10, 60 L.Ed.2d 767 (1979), addressed the issue of the applicability of collateral estoppel in a bankruptcy dischargeability action as follows:

If, in the course of adjudicating a state law question, a state court should determine factual issues using standards identical to those of [§ 523 of the present Bankruptcy Code] then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in bankruptcy court.

*Id.*

■   Second, in *In re Shuler,* 722 F.2d 1253, 1255 (5th Cir.1984), the Fifth Circuit stated that collateral estoppel may be invoked in a dischargeability action, but held that the bankruptcy court is not bound by the earlier determination and, in fact, retains exclusive jurisdiction to determine the ultimate question of the dischargeability of a debt.   In addition, the *Shuler* deci-

sion, citing *White v. World Finance of Meridian, Inc.,* 653 F.2d 147, 151 (5th Cir.1981), set forth the following test for applying the doctrine of collateral estoppel within the Fifth Circuit: (i) the issue to be precluded must be identical to that involved in the prior action, (ii) the issue must have been actually litigated in the prior action, and (iii) the issue determination in the prior action must have been necessary to the resulting judgment. *In re Shuler,* 722 F.2d at 1256 n. 2.

Third, the Fourth Circuit decision, *Combs v. Richardson,* 838 F.2d 112, 114 (4th Cir.1988), held that a jury award of punitive damages based solely on a wilful and malicious standard will collaterally estop relitigation of the debtor's wilful and malicious conduct in a subsequent bankruptcy dischargeability proceeding.

■ The failure of a defendant to attend the trial does not prevent issue preclusion in a subsequent action, so long as the prior action was actually litigated in the defendant's absence.

In *Garner v. Lehrer (In re Garner),* 56 F.3d 677 (5th Cir.1995), the Fifth Circuit, applying Texas law on collateral estoppel, gave preclusive effect to a prior state court judgment even though the defendant failed to appear at the trial. In the opinion, the court made a distinction between a "simple default judgment" and a "post-answer default." Once an answer is filed, the plaintiff is unable to obtain a simple default judgment and must offer evidence to satisfy the burden of proof as to the elements of the action. Lehrer had sued Garner in state court. Garner answered the complaint, but did not appear at the trial, and a judgment was entered against him. Garner then filed bankruptcy which prompted the filing of a dischargeability complaint by Lehrer. Lehrer then moved for summary judgment based on the preclusive effect of the state court judgment. In response, Garner asserted that the "fully and fairly litigated" element of issue preclusion had not been met since the trial had been conducted in his absence. In

affirming the bankruptcy court and the district court, the Fifth Circuit stated as follows:

> In the state court proceedings, Garner answered Lehrer's complaint with a general denial, and then he failed to appear for trial. The district court conducted a trial in Garner's absence, and "based on the testimony presented to the Court, the Court f[ound] and conclude[d] that Plaintiff, Kenneth Eugene Lehrer [was] entitled to recover judgment against Defendants." This decision was reached after Garner answered Lehrer's complaint and after a trial in which Lehrer put on evidence sufficient to carry his burden of proof. According to Texas law, the issues were properly raised and actually litigated; accordingly, we find they were fully and fairly litigated for collateral estoppel purposes.

*Garner v. Lehrer (In re Garner),* 56 F.3d 677, 680 (5th Cir.1995).

In a decision subsequent to the *Garner* opinion, the Fifth Circuit appears to have dropped the distinction between a "simple default" and a "post-answer default" for collateral estoppel purposes. In *Pancake v. Reliance Insurance Co. (In re Pancake),* 106 F.3d 1242 (5th Cir.1997), Pancake, a bank loan officer, was accused by Reliance of loaning money to borrowers that he knew to be poor credit risks in exchange for kickbacks. Reliance, a surety for the bank, sued Pancake in state court alleging fraud. Pancake filed an answer which was stricken because he had failed to comply with certain discovery orders. Pancake did not appear at trial and a default judgment was entered against him. When Pancake subsequently filed bankruptcy, Reliance filed its complaint to determine the dischargeability of the default judgment. The bankruptcy court granted summary judgment for Reliance. On appeal, the district court reversed, stating that the default judgment was not entitled to preclusive effect. The Fifth Circuit affirmed the district court, concluding that preclusive effect could not be given to the

state court judgment because it was unclear from the record whether or not an evidentiary hearing was held in which Reliance was required to meet its burden of proof. "The only indication that the state court held a hearing comes from the final judgment, in which the court states that it heard 'the evidence and arguments of counsel.' That statement alone does not establish that Pancake received a full and fair adjudication on the issue of fraud." *Id.* at 1244. The court went on to state that the nature of a default judgment is immaterial for collateral estoppel purposes so long as the record reflects that an evidentiary hearing was conducted, and the plaintiff's burden of proof was met.

> For purposes of collateral estoppel...the critical inquiry is not directed at the nature of the default judgment, but, rather, one must focus on whether an issue was fully and fairly litigated. Thus, even though Pancake's answer was struck, if Reliance can produce record evidence that the state court conducted a hearing in which Reliance was put to its evidentiary burden, collateral estoppel may be found to be appropriate.

*Id.* at 1245.

As noted in the affidavit, interlocutory judgment on writ of inquiry and default judgment, the factual circumstances underpinning the cause of action against Evans was presented to the court. Only after hearing the proof did Judge Russell enter the judgment against Evans for compensatory and punitive damages. His affidavit is conclusive that he considered Evans' actions against Gilleylen to be willful and malicious.

█ The Fifth Circuit Court of Appeals has recently articulated that the standards relative to issue preclusion, developed in the forum state, should be utilized when determining the applicability of collateral estoppel. In *Caton v. Trudeau (Matter of Caton)*, 157 F.3d 1026 (5th Cir.1998), the Fifth Circuit, holding that the doctrine of collateral estoppel may be applied to default judgments under Illinois law, stated as follows:

> The Illinois Supreme Court has not yet determined whether default judgments are entitled to the same preclusive effect under the doctrine of collateral estoppel as any other judgment, but it has noted that there is a split of authority on the issue with some courts giving default judgments limited preclusive effect. The Appellate Court of Illinois, however, recently has held that collateral estoppel may be applied to a default judgment provided no injustice results from the application. This very recent pronouncement by an Illinois appellate court forecloses Caton's contention, and we thus must conclude that the doctrine of collateral estoppel may be applied to default judgments under Illinois law.

For collateral estoppel to apply, a party must have had a full and fair opportunity to litigate the issue in the prior action and there must be no undue unfairness to the party estopped. Caton clearly had a full and fair opportunity to contest the issue in the state proceeding, and we find no injustice in applying the doctrine of collateral estoppel in this case. Caton was properly notified of the proceeding and, in fact, filed a notice of removal therein. After remand, however, Caton chose not to appear in the proceeding further, even though Trudeau sought actual and punitive damages in excess of $10 million for libel per se. Under these circumstances, it cannot be disputed that Caton had an opportunity to litigate. Caton does not contest that he received notice of the default, as well as the subsequent evidentiary hearing, and he provides no explanation for his failure to pursue his legal remedies after the remand.

Caton further contends that the bankruptcy court cannot rely on the Illinois default judgment because the state record presented is insufficient to support the judgment. He asserts that the facts supporting the judgment are not discer-

nible from the record presented and, thus, dischargeability cannot be determined therefrom. In reviewing the application of collateral estoppel under Texas law, we have articulated the standard upon which Caton relies; that the record reflect the finding made and the supporting facts so that the bankruptcy court may determine that the pertinent issue was litigated and decided. We have never required, however, that a full state court record be presented. We only require that the record introduced have sufficient detail to allow the use of collateral estoppel. Such has been established in the case at bar.

*Id.* at 1027–1028.

■ In Mississippi, the application of the doctrine of collateral estoppel can clearly be predicated on a previous default judgment. In *Strain v. Gayden,* 20 So.2d 697, 197 Miss. 353 (1945), the Mississippi Supreme Court stated as follows:

It is true that the judgment here complained of was by default, but it is also true that a judgment by default, where personal jurisdiction of a defendant has been obtained, is as conclusive either as an estoppel or bar as a judgment in a contested case. A judgment by default is attended by the same legal consequences as if there had been a verdict for the plaintiff. Freeman on Judgments, 5th Ed., Pages 1393–1395.

*Strain v. Gayden,* 20 So.2d at page 700. *See also, Evans v. Sharpley,* 607 So.2d 1210 (Miss.1992).

■ In the opinion of this court, in keeping with the standards articulated by the Fifth Circuit, coupled with the status of the law in the State of Mississippi, the *default judgment entered by Judge Russell against Evans,* after considering all of the proof, must be given preclusive effect. Indeed, Judge Russell's indicated that his judgment was premised on the wilful and malicious conduct of Evans. See, *Cohen v. de la Cruz,* 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

## IV.

Summary judgment is properly granted when pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Bankruptcy Rule 7056; Uniform Local Bankruptcy Rule 18. The court must examine each issue in a light most favorable to the nonmoving party. *Anderson v. Liberty Lobby,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Phillips v. OKC Corp.,* 812 F.2d 265 (5th Cir.1987); *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). The moving party must demonstrate to the court the basis on which it believes that summary judgment is justified. The nonmoving party must then show that a genuine issue of material fact arises as to that issue. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Leonard v. Dixie Well Service & Supply, Inc.,* 828 F.2d 291 (5th Cir.1987), *Putman v. Insurance Co. of North America,* 673 F.Supp. 171 (N.D.Miss.1987). An issue is genuine if "there is sufficient evidence favoring the nonmoving party for a fact finder to find for that party." *Phillips,* 812 F.2d at 273. A fact is material if it would "affect the outcome of the lawsuit under the governing substantive law." *Phillips,* 812 F.2d at 272.

Based on the foregoing analysis, the court is of the opinion that there are no genuine issues as to any material facts in this adversary proceeding, and, as such, Gilleylen is entitled to judgment as a matter of law. Therefore, the doctrine of collateral estoppel applies to the judgment for compensatory damages in the sum of $20,000.00, and the judgment for punitive damages in the sum of $40,000.00, totaling $60,000.00, plus all costs accrued by virtue of the proceeding in the Circuit Court of Monroe County, Mississippi, together with

interest to accrue after its entry at the rate of 8% per annum.

## AFFIDAVIT

Personally appeared before me, the undersigned authority, in and for the aforesaid County and State, Frank A. Russell, who, being my me first duly sworn, upon his oath states as follows, to-wit:

I am a Circuit Judge of the First Circuit Court District of the State of Mississippi and was a Circuit Judge of the First Circuit Court District of the State of Mississippi on January 28, 1994. On January 28, 1994, I conducted a hearing on a Writ of Inquiry in the case styled Elizabeth A. Gilleylen, Plaintiff, vs. Wardell Evans, Defendant, Cause No 93–243–RM of the Circuit Court of Monroe County, Mississippi. The Plaintiff appeared personally and testified. I found as a fact that the acts and actions of the Defendant, Wardell Evans, in committing an unproked assault upon the Plaintiff, Elizabeth A. Gilleylen, was intentional, willful and malicious and, therefore, the Plaintiff was entitled to recover punitive damages from the Defendant. Forty Thousand Dollars ($40,-000.00) punitive damages was awarded by the Court. A copy of the Interlocutory Judgment On Writ Of Inquiry signed by me on said date in the above referenced case is attached as Exhibit "A" to this Affidavit.

Further Affiant saith not.

SWORN to and subscribed before me, the undersigned authority, on this the 22nd March, 2000.

## INTERLOCUTORY JUDGMENT ON WRIT OF INQUIRY

This day came on to be heard the Writ Of Inquiry by the Court, and the Court, having heard the same, does hereby find as follows:

### I.

This suit was properly filed and process was properly issued, and the Defendant was personally served with process on July 27, 1993.

### II.

The Defendant has failed to answer the Complaint of the Plaintiff, and is totally in default.

### III.

On or about July 8, 1993, the Defendant committed an unprovoked assault upon the person of the Plaintiff by shooting her with a firearm. On said date the Defendant fired two shots at the Plaintiff, one of which struck the Plaintiff, while the Plaintiff's four minor children were in the line of the Defendant's fire. As a result of said assault, the Plaintiff sustained bodily injuries, has experienced a great amount of pain and suffering, has incurred medical bills in the amount of $2,821.00, and has lost wages in the amount of $6,380.00. The acts and actions of the Defendant in committing said unprovoked assault upon the Plaintiff were intentional, wilful, and malicious and, therefore, the Plaintiff is entitled to recover punitive damages from the Defendant. The Plaintiff, therefore, is entitled to recover from the Defendant for compensatory damages the sum of $20,000.00 and punitive damages the sum of $40,000.00 for a total of $60,000.00.

It is, therefore, ordered and adjudged that, on the Writ Of Inquiry previously issued by this Court, that the Plaintiff recover a judgment against the Defendant for compensatory damages in the amount of $20,000.00 and punitive damages in the amount of $40,000.00, for a total of $60,-000.00, together with all costs of this suit.

## DEFAULT JUDGMENT ENTERED BY COURT

This action came on for hearing on the Motion of the Plaintiff for a default judgment, and request for Writ Of Inquiry, pursuant to Rule 55(b)(2) of the Mississip-

pi Rules of Civil Procedure, and the Defendant having been duly served with the summons and Complaint and not being an infant or unrepresented incompetent person and having failed to plead or otherwise defend, and this default having been duly entered and the Defendant having taken no proceedings since such default was entered, and the Court having issued a Writ of Inquiry to ascertain the amount of the judgment to be rendered in favor of the Plaintiff and against the Defendant.

It is Ordered and Adjudged that the Plaintiff. Elizabeth A. Gilleylen, be, and she is hereby awarded a judgment against the Defendant. Wardell Evans, in the total sum of $60,000.00, together with all costs of this suit, which Judgment shall bear interest at the rate of 8% per annum.

It is the further Order of this Court that any Writ of Garnishment pursuant to this Judgment shall provide that payments under said Writ of Garnishment shall be remitted quarterly rather than yearly.